**UNITED STATES of America, Appellee,**

v.

**David Terran MILLS, a/k/a Terry Mills, Appellant.**

No. 86–5492.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 4, 1987.

Decided Dec. 31, 1987.

---

Robert Van Norman, Rapid City, S.D., for appellant.

Robert A. Mandel, Rapid City, S.D., for appellee.

Before HEANEY, Circuit Judge, ROSS, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

David Terran Mills, an Indian, appeals from an order of the district court[1] entered upon a jury verdict finding him guilty on two counts of assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. §§ 113(c) and 1153 (Counts II and III), one count of damage to government property valued at over $100 in violation of 18 U.S.C. § 1361 (Count IV), and one count of use of a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c) (1982 & Supp. II 1984) (Count V). Mills was sentenced to a mandatory five years of imprisonment under Count V for use of a firearm during the commission of the assaults charged in Counts II and III. He was also sentenced to five years on the underlying assault and property damage counts; however, that sentence was suspended and converted to five years of probation, which was to run consecutive to the mandatory five year prison term.

The charges in this case stem from several incidents on the Pine Ridge Indian Reservation in which Mills, an expert marksman and twelve-year police veteran, drew his handgun on several people, including a police officer, and damaged a police patrol car after his arrest on the evening of August 3, 1986. The evidence indicates that these incidents occurred during his offduty hours and were preceded by a domestic quarrel with his girlfriend.

For reversal, Mills argues (1) that Count V should have been dismissed on grounds of vagueness under FED.R.CRIM.P. 7(c), (2) that the sentence imposed under section 924(c) violated the double jeopardy clause, (3) that the evidence was insufficient to support a finding of specific intent to do bodily harm under Counts II, III and V, (4) that evidence of alleged prior altercations was improperly admitted and unduly prejudicial, (5) that all counts should have been severed under FED.R.CRIM.P. 8(a) or 14 for improper or prejudicial joinder, and (6) that the district court erred in refusing to give instructions as to (a) specific intent under Count IV (18 U.S.C. § 1361), (b) Mills' theory of defense of necessity under Count IV, and (c) potential bias of police officers who testified against him. Having carefully considered these arguments, we affirm.

Mills' first contention on appeal is that Count V of the indictment was insufficient under FED R.CRIM.P. 7(c), because it failed to apprise him of the specific criminal conduct charged against him and the names of the persons allegedly affected by such conduct. Count V read as follows:

On or about the 3rd day of August, 1986, at Pine Ridge, in Indian country, in the District of South Dakota, David Terran Mills, a/k/a Terry Mills, committed a crime of violence, that is, assault with a dangerous weapon, while using and carrying a firearm, a Smith & Wesson .38 Special revolver, serial # J–565569, in violation of 18 U.S.C. § 924(c).

Rule 7(c), FED.R.CRIM.P., requires that an indictment be a plain, concise and definite written statement of the essential facts constituting the offense charged. We have previously held that an indictment is sufficient under Rule 7(c) if it sets forth the essential elements of the offense charged, and contains a statement of facts sufficient to inform the defendant of the charges against him. *United States v. French*, 683 F.2d 1189, 1194 (8th Cir.), *cert.*

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

*denied,* 459 U.S. 972, 103 S.Ct. 304, 74 L.Ed.2d 284 (1982).

■ We find that the district court did not err in finding Count V of the indictment sufficient. Count V provided the date on which the unlawful acts occurred, described the weapon involved, alleged that Mills "committed a crime of violence, that is, assault with a dangerous weapon, while using and carrying a firearm," and described such conduct as a violation of 18 U.S.C. § 924(c). The two essential elements of section 924(c), namely that the defendant committed a felony and that he used a firearm during the commission of that felony, as well as the essential facts underlying the charge, were sufficiently set forth so as to enable Mills to adequately prepare his defense. The mere fact that the victims of the crime were not named in Count V does not make this portion of the indictment defective, particularly in light of the fact that the victims were named in those counts charging Mills with the underlying felonies. *See Butler v. United States,* 317 F.2d 249, 256 (8th Cir.), *cert. denied,* 375 U.S. 838, 84 S.Ct. 77, 11 L.Ed. 2d 65 (1963).

■ Next, Mills argues that he was placed in double jeopardy in being convicted and sentenced under both 18 U.S.C. § 113(c) for assault with a dangerous weapon and 18 U.S.C. § 924(c) for the use of a firearm during the commission of a crime of violence. He argues that the crimes under these statutes are essentially identical in law and fact, and thus he may not be convicted of two separate offenses.

Appellant's argument is without merit. As this court has previously noted, the double jeopardy clause does not prevent multiple punishments for the same offense where Congress has specifically authorized cumulative punishment under two statutes. *United States v. Doffin,* 791 F.2d 118, 120 (8th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 210, 93 L.Ed.2d 140 (1986). *See also Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); *Whalen v. United States,* 445 U.S. 684, 693, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980). Cumulative punishment under 18 U.S.C. §§ 113(c) and 924 (c) is clearly authorized in the firearm statute itself:

> Whoever, during and in relation to any crime of violence, *including* a crime of violence which provides for an *enhanced* punishment if committed by the use of a deadly or dangerous weapon or device, * * * uses or carries a firearm, *shall, in addition to* the punishment provided for such crime of violence, be sentenced to imprisonment for five years.

18 U.S.C. § 924(c) (emphasis added). Furthermore, the legislative history is clear that the Congress amended section 924(c) with the express purpose of authorizing an additional sentence to that imposed for the underlying felony, specifically including section 113. S.REP. NO. 225, 98th Cong., 2d Sess. 312–13 (1984), *reprinted in* 1984 U.S.CODE CONG. & AD.NEWS 3182, 3490–91 & n. 8. Thus, we conclude that there was no double jeopardy violation in this instance and that the district court properly denied Mills' motion to dismiss.

Mills' next argument is that there was insufficient evidence of specific intent to do bodily harm to support the jury's verdicts on Counts II, III and V. In reviewing challenges to the sufficiency of the evidence, the evidence must be viewed in the light most favorable to the government and the verdict must be sustained if it is supported by substantial evidence. *United States v. Coronel-Quintana,* 752 F.2d 1284, 1292 (8th Cir.), *cert. denied,* 474 U.S. 819, 106 S.Ct. 66, 88 L.Ed.2d 54 (1985). With this standard in mind, we have carefully reviewed the record and conclude that the evidence was sufficient for the jury to reasonably find the requisite intent to do bodily harm under Counts II, III and V.

■ Mills also contends that his conviction on Count IV for felony damage to government property should be reversed, because the district court refused to give a specific intent instruction defining the term "willfully," as used in 18 U.S.C. § 1361. Section 1361 provides, "[w]hoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof * * * shall be punished * * *."

Having carefully reviewed the entire record, we conclude that the lack of an instruction on "willfulness" has not prejudiced Mills in this instance. We find that the evidence was clearly sufficient to support Mills' conviction under Count IV even under a willfulness standard, i.e., Mills acted "intentionally, with knowledge that he was breaching the statute." *United States v. Moylan,* 417 F.2d 1002, 1004 (4th Cir. 1969), *cert. denied,* 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970). Thus, Mills' conviction on Count IV must stand.

We have also carefully considered each of the appellant's remaining arguments and find them to be without merit.

Affirmed.