**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Greg LANZI, Defendant–Appellee.**

**No. 90–1036.**

United States Court of Appeals,
Tenth Circuit.

May 9, 1991.

James R. Allison, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellant.

Mark D. Eibert, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on the brief), Denver, Colo., for defendant-appellee.

Before LOGAN and EBEL, Circuit Judges, and RUSSELL, District Judge.*

LOGAN, Circuit Judge.

Defendant Greg C. Lanzi, Sr. was convicted following a jury trial of one count of armed robbery of a credit union and one count of using a firearm during the rob-

* The Honorable David L. Russell, United States District Judge of the Eastern, Northern and Western Districts of Oklahoma, sitting by designation.

bery, in violation of 18 U.S.C. §§ 2113(a) & (d) and 924(c)(1). The district court sentenced defendant under both counts and ordered the sentences to run concurrently. The government now appeals, arguing that the district court should have imposed consecutive rather than concurrent sentences. The government further argues that the psychological trauma suffered by one of defendant's victims was a "bodily injury" warranting a two-level increase in the base offense level under the sentencing guidelines.

## I

Defendant, a former Air Force enlisted man, robbed the Air Academy Federal Credit Union on the Air Force Academy grounds in Colorado Springs, Colorado. Defendant forced his way into the building at gunpoint as the maintenance man delivered the morning mail. He then ordered the maintenance man and a teller to lie face down, tied their hands behind their backs, and fled the scene with the mail pouches. He was apprehended a short time later by base personnel.

Defendant was tried and convicted of bank robbery and of using a firearm during its commission. The district court sentenced defendant to twenty-four months imprisonment on the robbery conviction, finding that defendant accepted responsibility, the victims suffered no bodily injury, and that a downward departure was warranted because of defendant's diminished mental capacity. *See* U.S.S.G. §§ 2B3.1, 3E1.1 & 5K2.13. The court also sentenced defendant to sixty months imprisonment on the firearms conviction, but, over the government's protest ordered the sentence to run concurrently with defendant's robbery sentence. The court was convinced by the reasoning in *United States v. Swapp*, 719 F.Supp. 1015, 1019–20 (D.Utah 1989), *rev'd*, 934 F.2d 326 (10th Cir.1990) (unreported), that consecutive sentences would violate the Double Jeopardy Clause of the Fifth Amendment because defendant would be punished twice for the same offense. The government also objected to the district court's finding that the teller

did not sustain bodily injury within the meaning of the guidelines. The government argued that psychological trauma was a sufficient "bodily injury" to warrant an upward adjustment under the guidelines.

## II

The first issue on appeal is whether the district court erred in ordering defendant's sentence for using a firearm during the bank robbery to run concurrently with his bank robbery sentence. The government argues that using a firearm during the commission of a bank robbery, in violation of 18 U.S.C. § 924(c)(1), carries with it a mandatory sentence of sixty months to run *consecutively* with defendant's bank robbery sentence. Defendant maintains that the district court was correct in refusing to run the sentences consecutively because to do so would punish him twice under separate statutes for the same conduct.

The Double Jeopardy Clause protects a defendant from "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Such protection often is invoked when a defendant is punished for the same conduct under two different statutory provisions. In such a case, "the first step in the double jeopardy analysis is to determine whether the legislature ... intended that each violation be a separate offense." *Garrett v. United States*, 471 U.S. 773, 778, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985). If the legislature, as expressed in the language of the statute or its legislative history, clearly intended cumulative punishment under two different statutory provisions, the imposition of multiple punishment does not violate the Double Jeopardy Clause and the court's inquiry is at an end. *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). If the legislative intent is unclear, however, the rule from *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), must be applied. *Hunter*, 459 U.S. at 368, 103 S.Ct. at 679. Then, "[t]he applicable rule is that where the same act or

transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.

■ In the instant case, we need not apply the *Blockburger* test because Congress expressly authorized multiple punishment under § 924(c)(1):

"Whoever, during and in relation to any crime of violence ... uses or carries a firearm, *shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years....* Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried."*

18 U.S.C. § 924(c)(1) (emphasis added). The plain language of this statute clearly evinces congressional intent that any defendant using a dangerous weapon in connection with a violent crime must be sentenced to five years imprisonment, such sentence to run consecutive to that imposed for the violent crime.

Section 924(c)'s legislative history reinforces our interpretation of Congress' intent. Section 924(c)(1) was enacted originally as part of the Gun Control Act of 1968, Pub.L. No. 90–618, 82 Stat. 1213. The purpose of this portion of the act was to deter the use of firearms in connection with the commission of federal felonies. *United States v. Powell*, 894 F.2d 895, 900 (7th Cir.) (citing statements by Congressman Poff), *cert. denied,* — U.S. ——, 110 S.Ct. 2189, 109 L.Ed.2d 517 (1990). In *Busic v. United States*, 446 U.S. 398, 403–10,

100 S.Ct. 1747, 1751–55, 64 L.Ed.2d 381 (1980), and *Simpson v. United States*, 435 U.S. 6, 10–16, 98 S.Ct. 909, 911–15, 55 L.Ed.2d 70 (1978), the Supreme Court, relying upon legislative history and statutory construction, concluded that Congress did not intend for a separate enhanced penalty under § 924(c) when the predicate felony statute had an enhancement provision of its own. In 1984, however, Congress amended § 924(c)(1) and clarified that it authorized an additional sentence over and above that imposed for the underlying felony, even if the underlying felony contained an enhancement provision:

"The Committee has concluded that subsection 924(c) should be completely revised to ensure that all persons who commit Federal crimes of violence, including those crimes set forth in statutes which already provide for enhanced sentences for their commission with a dangerous weapon, receive a mandatory sentence, *without the possibility of the sentence being made to run concurrently with that for the underlying offense* or for any other crime and without the possibility of a probationary sentence or parole."

S.Rep. No. 225, 98th Cong., 2d Sess. 313, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3491 (emphasis added) (footnote omitted). The report refers expressly to the bank robbery statute, 18 U.S.C. § 2113, as one of the federal crimes of violence to which § 924 applies. *Id.* at 3490. We therefore conclude that the district court erred in not ordering defendant's sixty-month sentence under § 924(c)(1) to run consecutively to his armed robbery sentence.[1] *Accord United States v. Mills*, 835 F.2d 1262, 1264 (8th Cir.1987); *United States v. Harris*, 832 F.2d 88, 89–91 (7th Cir.1987); *United States v. Browne*, 829 F.2d 760, 766–67 (9th Cir.1987), *cert. denied,* 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988); *United States v. Shavers*, 820 F.2d 1375, 1377–78

---

**1.** Defendant argues that this court's decision in *United States v. Chalan*, 812 F.2d 1302 (10th Cir.1987), supports the district court's decision to follow *Swapp* and impose concurrent sentences. We disagree. In *Chalan*, the court focused on whether Congress intended to treat two felony convictions involving the same conduct as a single "crime of violence" for purposes of § 924(c)(1). *Id.* at 1316–17. In finding Congress' intent unclear, the court did not consider whether Congress intended consecutive sentences when the underlying felony and the § 924(c)(1) violation involve the same conduct.

(4th Cir.1987).[2]

## III

Finally, the government contends that the district court erred in not adjusting defendant's base offense level upward to account for the "bodily injury" suffered by his teller victim. The government argues that defendant should have received a two-level upward adjustment under U.S.S.G. § 2B3.1(b)(3) because the teller suffered bodily injury in the form of psychological trauma caused by her confrontation with defendant. Defendant asserts that the district court's decision was correct because the government failed to prove bodily injury, and, further, that the term "bodily injury" as used in the guidelines does not encompass this type of psychological injury.

The base offense level for robbery is to be increased "[i]f any victim sustained bodily injury." U.S.S.G. § 2B3.1(b)(3). The increase in base offense level is dependent upon the "seriousness of the injury." *Id.* If a victim sustained "bodily injury," a defendant's base offense level should be increased by two. U.S.S.G. § 2B3.1(b)(3)(A). " 'Bodily injury' means any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, comment. n. 1(b).

In the instant case, the government presented evidence that the teller has seen a counselor and quit her job out of fear for her life. The district court concluded that there was psychological injury, but not bodily injury requiring a two-level base offense level increase. After reviewing the record, we do not find this determination to be clearly erroneous. *See United States v. Reid,* 911 F.2d 1456, 1461 (10th Cir.1990) (review of a district court's findings of fact supporting its application of the guidelines are reviewed under a clearly erroneous

standard), *cert. denied,* —— U.S. ——, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991). Without determining whether purely psychological injury can ever be "bodily injury" within the meaning of the guidelines, evidence that the teller attended a single counseling session and changed occupations does not prove "an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, comment. n. 1(b).

Accordingly, the district court's determination that a two-level base offense level increase was not warranted is AFFIRMED. The case, however, is REMANDED for re-sentencing pursuant to § 924(c)(1), consistent with our analysis herein.

---

2. Because the statute is clear and within Congress' power we are unconvinced by, and do not discuss, defendant's arguments of an alleged discrepancy between the statute and the sentencing guidelines and violation of his due process rights. *See United States v. Larotonda,* 927 F.2d 697, 698 (2d Cir.1991)· (statute controls

over guidelines if there is conflict); U.S.S.G. § 5G1.1(b). *Cf. United States v. Thomas,* 884 F.2d 540, 544 (10th Cir.1989) (sentencing guidelines not unconstitutional on grounds they shift judge's discretion to prosecutors).

