961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Lee McNEAL, Defendant-Appellant.
 No. 91-3329.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Terry Lee McNeal appeals the denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted of armed robbery, in violation of 18 U.S.C. § 2113(a)(d), and also of carrying a firearm during commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1). He received a fifteen year sentence on the armed bank robbery count and a consecutive five year sentence on the firearm count. He argues that to apply § 924(c) when the underlying crime requires the carrying of a weapon constitutes double jeopardy in violation of his constitutional rights.
 
 
 3
 The government correctly points out that this issue has been decided by this circuit against the position taken by petitioner in United States v. Lanzi, 933 F.2d 824 (10th Cir.1991). That decision controls the disposition herein.
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3