**UNITED STATES of America, Plaintiff,**

v.

**Anthony C. STITH, Defendant.**

No. C2–93–10.

United States District Court, S.D. Ohio, E.D.

June 22, 1993.

Bradley Barbin, Asst. U.S. Atty., Columbus, OH, for plaintiff.

Richard Cline, Columbus, OH, for defendant.

### MEMORANDUM AND ORDER

BECKWITH, District Judge.

This matter is before the Court for consideration of Defendant's motion to dismiss the prosecution for lack of jurisdiction or for a declaration that the relevant criminal statute is unconstitutional. Defendant has been indicted under the new Federal "car-jacking" statute, 18 U.S.C. § 2119. Defendant seeks to have the statute declared unconstitutional, pursuant to the Tenth Amendment to the United States Constitution, as an unauthorized exercise by Congress of powers reserved to the states. Defendant asserts, specifically, that the statute is not a proper exercise of the authority conferred upon Congress by the Commerce Clause of Article I, § 8 of the United States Constitution.

Although the relevant criminal statute was only recently enacted, the Court does not consider Defendant's attack on the constitutionality of the statute without guidance. At least two other district courts have considered the issue, and both have held the statute to be a valid exercise of Congress' authority under the Commerce Clause. *United States v. Watson,* 815 F.Supp. 827 (E.D.Pa. 1993); *United States v. Eskridge, et al.,* 818 F.Supp. 259 (E.D.Wis.1993). This Court

joins them in finding the statute constitutional.

*Discussion*

The United States Supreme Court has enunciated a test to be applied by the courts when testing the constitutional validity of an exercise of congressional power pursuant to the Commerce Clause. *Hodel v. Indiana,* 452 U.S. 314, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981). Pursuant to that test, "[a] court may invalidate legislation enacted under the Commerce Clause only if it is clear that there is no rational basis for a congressional finding that the regulated activity affects interstate commerce, or that there is no reasonable connection between the regulatory means selected and the asserted ends." *Id.* at 323–24, 101 S.Ct. at 2383.

More than one rational basis exists for the congressional finding underlying the Federal "car-jacking" statute that automobile theft affects interstate commerce. Congress may exercise its authority pursuant to the Commerce Clause where the intent of the regulation is the protection of the instrumentalities of interstate commerce, such as automobiles. *See Watson,* 815 F.Supp. at 831.

Further, Congress may exercise Commerce Clause powers to regulate things that are said to be "in commerce." This phrase has been interpreted broadly to include virtually any activity or instrumentality that has an effect upon interstate commerce or that is affected by interstate commerce. *Id.* at 830. Automobile theft has an obvious impact upon interstate commerce. The costs associated with automobile theft nationwide cause the price of automobile insurance to increase, thus significantly increasing the expenses related to automobile ownership. H.R.Rep. No. 851, 102d Cong.2d Sess., pt. 1, at 14–15, U.S.Code Cong. & Admin.News 1992, pp. 2829, 2830–2831. That impact alone provides a rational basis for Congress' finding that "car-jacking" affects interstate commerce and argues against a finding of invalidity under the *Hodel* test.

The second basis for a finding of invalidity under the *Hodel* test is a finding "that there is no reasonable connection between the regulatory means selected and the asserted ends." *Hodel,* 452 U.S. at 325, 101 S.Ct. at 324. In the case of the Federal "car-jacking" statute, the connection could scarcely be clearer.

The asserted ends of the statute are the elimination of the serious nationwide automobile theft problem. Congress recognized that national law enforcement was better equipped to address the problems presented by armed automobile theft because of the numbers of stolen automobiles that eventually cross state lines. 138 Cong.Rec. H11821–22 (daily ed. Oct. 5, 1992). Accordingly, the Federal "car-jacking" statute, the chosen means, is closely connected to the asserted ends.

*Conclusion*

For the reasons stated, Defendant's motion to dismiss the prosecution and/or to declare the statute unconstitutional is hereby **DENIED.**

**IT IS SO ORDERED.**