**UNITED STATES of America,**

v.

**Joseph Francis SABINI, Defendant.**

**No. 93–0448–CR.**

United States District Court,
S.D. Florida.

Jan. 11, 1994.

Kendall Coffey, U.S. Atty., C.E. "Beth" Sreenan, Asst. U.S. Atty., Miami, FL, for U.S.

James R. Gailey, Federal Public Defender, Paul Korchin, Asst. Federal Public Defender, Miami, FL, for defendant.

---

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT I

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant Joseph Francis Sabini's motion to dismiss Count I of the indictment. For the reasons stated below, the Court denies the defendant's motion.

### PROCEDURAL BACKGROUND

The indictment in this action charges Defendant Joseph Francis Sabini with three offenses. Count I charges Sabini with violation of 18 U.S.C. § 2119, commonly known as the "carjacking" statute. Count II charges him with use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Count III charges him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In support of his motion to dismiss Count I, Sabini argues that the carjacking statute is an unconstitutional exercise of the power of Congress under the Commerce Clause. In a separate motion, Sabini also seeks dismissal

---

of Count II, on the grounds of double jeopardy.[1]

## DISCUSSION

The Anti Car Theft Act of 1992 makes it a federal crime to take or attempt to take a "motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation," by one "possessing a firearm." 18 U.S.C.A. § 2119 (West 1984 & Supp.1993). Several district courts have considered constitutional challenges to this statute on the same grounds as those raised by the defendant in this case. *See United States v. Watson*, 815 F.Supp. 827 (E.D.Pa.1993); *United States v. Eskridge*, 818 F.Supp. 259 (E.D.Wis.1993); *United States v. Stith*, 824 F.Supp. 128 (S.D.Ohio 1993); *United States v. Cortner*, 834 F.Supp. 242 (M.D.Tenn.1993). Among these cases, only *Cortner*, upon whose reasoning the defendant relies entirely, holds the statute unconstitutional.

The Court has reviewed these opinions, as well as analyzed the statute under the test established by the United States Supreme Court for determining the constitutional validity of an exercise of Congressional power under the Commerce Clause. *Hodel v. Indiana*, 452 U.S. 314, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981). Pursuant to *Hodel*, "A court may invalidate legislation enacted under the Commerce Clause only if it is clear that there is no rational basis for a congressional finding that the regulated activity affects interstate commerce, or that there is no reasonable connection between the regulatory means selected and the asserted ends." *Hodel*, 452 U.S. at 323–24, 101 S.Ct. at 2383.

The Court finds persuasive the *Watson* court's thorough analysis of the carjacking statute, including its comprehensive documentation of the legislative history. *Watson*, 815 F.Supp. at 829–32. Like the *Watson* court, therefore, the Court finds that there is

a rational basis for Congress' finding that carjacking is a problem affecting interstate commerce. *Id.* at 831. Moreover, the criminal statute bears a reasonable connection to its asserted goal; i.e., the reduction of armed automobile theft. *Stith*, 824 F.Supp. at 129. Accordingly, the Court finds the statute a constitutional exercise of the Commerce Clause power, under the existing precedent articulated in *Hodel*.

In this regard, however, the Court disagrees with the *Watson* court's statement that such a conclusion can be reached with "little difficulty." *Id.* at 830. Indeed, as demonstrated by the lengthy analysis required to reach such a determination in *Watson*, and the forceful arguments supporting the *Cortner* court's contrary finding of unconstitutionality, this further federal incursion into the realm of common law crimes should give pause to those who, like the undersigned, philosophically embrace the principles embodied by the concept known as "Our Federalism." *Younger v. Harris*, 401 U.S. 37, 44–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669 (1971). The concept represents "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interest, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger*, 401 U.S. at 44, 91 S.Ct. at 750–51. Accordingly, the Court's finding of constitutionality regarding the carjacking statute does not translate into an expression of approval as to the appropriateness or wisdom of such legislation. Such is not the province of this Court. Rather, it is up to Congress, and the people through the ballot box, to pass on such political questions.[2]

## CONCLUSION

Based on the foregoing considerations, it is hereby

---

1. The Court shall address this separate motion in a subsequent order.

2. As must be obvious from these comments, the undersigned's concern over the almost exponential growth in the list of federal crimes arises from philosophical considerations, rather than

from a preoccupation over the increasing workload of the federal judiciary. Compare *Cortner*, 834 F.Supp. at 244 ("At every meeting of federal judges that I attend there is the complaint that the Congress is broadening federal jurisdiction to the point where we are unable to do our jobs.")

ORDERED AND ADJUDGED that Defendant Joseph Francis Sabini's motion to dismiss Count I of the indictment is DENIED.

DONE AND ORDERED.