UNITED STATES of America, Plaintiff,

v.

Marcus Lavence ROBERTSON, Defendant.

No. CR–93–48–A.

United States District Court, W.D. Oklahoma.

Aug. 23, 1994.

Edward J. Kumiega, Asst. U.S. Atty., Oklahoma City, OK, for plaintiff.

June Tyhurst, Federal Public Defender's Office, Oklahoma City, OK, for defendant.

## *ORDER*

ALLEY, District Judge.

On March 3, 1993, defendant Marcus Lavence Robertson was indicted on four counts related to a carjacking that occurred in Moore, Oklahoma. Defendant first filed a motion to suppress evidence obtained in a search of his apartment. The Court denied this motion on April 7, 1993. Defendant then entered into a conditional plea agreement in which he pled guilty to one count of carjacking (18 U.S.C. § 2119) and one count of carrying a firearm during a crime of violence (18 U.S.C. § 924(c)(1)), while the government agreed to dismiss the two remaining counts. By the terms of the agreement, defendant reserved the right to appeal the Court's ruling on the motion to suppress. On June 29, 1993, the Court entered its Judgment and Sentence, sentencing defendant to 57 months imprisonment on the carjacking count and 60 months on the firearm count to run consecutively. Defendant's conviction was subsequently upheld by the Tenth Circuit. *See United States v. Robertson,* 21 F.3d 1030 (10th Cir.1994).

Robertson now brings before the Court his Motion to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, pursuant to 28 U.S.C. § 2255. Defendant challenges his conviction and sentence on two bases. First, he claims that his conviction and consecutive sentence under the firearms statute, 18 U.S.C. § 924(c), is barred by the Double Jeopardy Clause. Second, defendant asserts that the carjacking statute, 18 U.S.C. § 2119, is unconstitutional because Congress lacked the power to enact it under the Commerce Clause. The government has filed two responses to defendant's motion. The first addresses the merits of defendant's contentions. The second was filed in response to the Court's Order, dated May 31, 1994,

asking for further information regarding any prior attempts by defendant to obtain post-conviction relief. After reviewing the briefs, the facts and the relevant case law, the Court rules as follows.

 Section 2255 provides for the following:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence . . .

Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The Court has determined that an evidentiary hearing is unnecessary since its determination can be based on the records and documents provided by the parties. *See Hedman v. United States*, 527 F.2d 20 (10th Cir.1975); *Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974). Rather, because the facts of this case are not in dispute in this case and defendant's arguments are essentially legal in nature, an evidentiary hearing would serve no purpose in this circumstance.

 In order to obtain relief pursuant to § 2255 regarding issues not raised on appeal, "a convicted defendant must show both (1) 'cause' excusing his double procedural default and (2) 'actual prejudice' resulting from the errors of which he complains . . ." *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). Thus, "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Id.* at 166, 102 S.Ct. at 1593. *See also United States v. Khan*, 835 F.2d 749 (10th Cir.1987). A § 2255 motion will lie when there has been a denial or infringement of constitutional rights so as to render the judgment vulnerable to collateral attack. *See Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Tyler v. United States*, 361 F.2d 862 (10th Cir.1966).

**A. Double Jeopardy Claim**

 In the instant case, defendant claims that the convictions and sentences imposed by the Court under the carjacking (§ 2119)[1] and firearms (§ 924(c)(1))[2] statutes violate his Fifth Amendment guarantee against double jeopardy. Defendant first contends that the elements of the two crimes overlap, thereby failing the *Blockburger* test. Defendant also asserts that Congress did not clearly indicate its intent to impose punishment under both statutes. Ultimately, the Court finds these contentions to be contradicted by both controlling and persuasive case law.

The question whether a defendant can be punished under both § 924 and § 2119 has been the subject of much litigation over the past two years. *See United States v. Mo-*

1. Section 2119 prohibits anyone who "possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so . . ." 18 U.S.C. § 2119 (West 1994).

2. Section 924(c)(1) states, in pertinent part, Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence . . . 18 U.S.C. § 924(c)(1) (West 1994).

*hammed,* 27 F.3d 815, 818 (2nd Cir.1994) (discussing the approach of the various courts on this issue); *United States v. Stokes,* 858 F.Supp. 434, 443–445 (D.N.J. 1994) (same). This question has divided the district courts, with some finding no Double Jeopardy violation, *see, e.g., United States v. Sabini,* 842 F.Supp. 1448 (S.D.Fla.1994); *United States v. Zukinta,* 830 F.Supp. 418 (E.D.Tenn.1993), and others finding cumulative sentencing under the statutes to be unconstitutional. *See, e.g., United States v. Torres,* 857 F.Supp. 168 (D.P.R. 1994); *United States v. Moore,* 832 F.Supp. 335 (N.D.Ala.1993). However, in recent months, unanimity has begun to settle in among the various Courts of Appeal, with all upholding conviction and sentencing under both statutes. *See Mohammed,* 27 F.3d at 820; *United States v. Johnson,* 22 F.3d 106, 108 (6th Cir.1994); *United States v. Singleton,* 16 F.3d 1419, 1425–29 (5th Cir.1994).

■ The starting point for the Court's analysis of this issue is the Tenth Circuit's opinion in *United States v. Lanzi,* 933 F.2d 824 (10th Cir.1991). In *Lanzi,* the Court of Appeals addressed a Double Jeopardy challenge involving sentencing under § 924(c)(1) and § 2113, the armed robbery statute. The Tenth Circuit declined to analyze the two statutes under the *Blockburger* test, finding instead that Congress expressly authorized multiple punishments in the text of § 924(c)(1). *Id.* at 826; *see also Mohammed,* 27 F.3d at 818 ("However, the *Blockburger* test is a 'rule of statutory construction to determine legislative intent' and 'is not controlling when the legislative intent is clear from the face of the statute or the legislative history.'") (quoting *Garrett v. United States,* 471 U.S. 773, 778–79, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985)).[3] The *Lanzi* court stated, "The plain language of this statute [§ 924(c)] clearly evinces congressional intent that any defendant using a dangerous weapon in connection with a violent crime must be sentenced to five years imprisonment, such sentence to run consecutive to

that imposed for the violent crime." 933 F.2d at 826. In addition, the Court of Appeals analyzed the legislative history of § 924(c) and found express support for the notion that "an additional sentence over and above that imposed for the underlying felony" should be available. *Id.*

In the case at hand, it is undisputed that carjacking, as defined in § 2119, satisfies as a "crime of violence" under § 924(c)(1). *See Mohammed,* 27 F.3d at 819. Moreover, the Second Circuit noted in *Mohammed* that the language of § 2119 was modeled after the language of the federal robbery statutes, observing, "[s]ince section 924(c) was amended to ensure that these robbery offenses carried mandatory minimum consecutive sentences when committed with a firearm, it seems to us unlikely that Congress did not intend a similar result for the analogous offense of carjacking." 27 F.3d at 820; *see also Singleton,* 16 F.3d at 1428. Thus, given the approaches enunciated in *Lanzi* regarding § 2113 and *Mohammed* and *Singleton* regarding § 2119, the Court concludes that cumulative sentencing is constitutionally permissible under both statutes.

Defendant raises the argument that the text of § 2119 does not express any intent "by Congress to sentence a defendant for carjacking and separately for one of the elements of the offense, possession of a firearm during the carjacking." Defendant's Brief at 6. However, as the Sixth Circuit observed in *Johnson,*

> Section 924(c) includes or overlaps the conduct proscribed in § 2119 but requires courts to utilize a separate and distinct punishment technique (mandatory imprisonment for an additional term) in order to ensure that such offenders receive a harsher punishment. Congress in effect said to judges that whatever the punishment is for the more specific violent crime you must add five more years to it when the terms of § 924(c) are met.

---

**3.** The Fifth Circuit in *Singleton* did engage in an analysis of the two statutes under *Blockburger.* The Court of Appeals held that the essential elements of the two statutes sufficiently overlapped to violate the *Blockburger* test. 16 F.3d at 1422–

**25.** Nevertheless, the court upheld cumulative sentencing under the statutes, finding support in both the text and the legislative history of § 924(c). *Id.* at 1425–28.

22 F.3d at 108. Rather, once it stated its intent to permit cumulative punishments in § 924(c)(1), Congress was not required to repeat itself in every subsequent statute that fell within the eligible category of offenses. *See Mohammed,* 27 F.3d at 820; *Johnson,* 22 F.3d at 108; *Singleton,* 16 F.3d at 1427–28. Without any expression of intent by Congress to exclude § 2119 from the ambit of § 924(c)(1), the Court must construe the statutes in tandem. *See Singleton,* 16 F.3d at 1428 ("Absent language expressing a departure from § 924(c), however, we must read the later enacted statutes in harmony with Congress's previously expressed intent to impose cumulative punishments."); *Stokes,* 858 F.Supp. at 445 ("There is no reason to presume congressional intent has changed simply because Congress passes a new law proscribing an additional violent crime."). Thus, defendant's motion fails on this basis.[4]

**B. Constitutionality of § 2119 Under The Commerce Clause**

 Defendant's second basis for relief is a challenge to the existence of § 2119. Defendant claims that the statute lacks any rational nexus to interstate commerce. Relying primarily on *United States v. Cortner,* 834 F.Supp. 242 (M.D.Tenn.1993), defendant attempts to convince the Court that "if the courts uphold the new carjacking statute, then Congress is free to federalize the stealing of any item that at some time in history has traveled in interstate commerce." Defendant's Brief at 12. Whatever the consequences of the existence of § 2119, the Court finds that Congress did not overstep its powers under the Commerce Clause by enacting the statute.

The modern test for determining whether congressional legislation violates the Commerce Clause is "if it is clear that there is no rational basis for a congressional finding that the regulated activity affects interstate commerce, or that there is no reasonable connection between the regulatory means selected and the asserted ends." *Hodel v. Indiana,*

452 U.S. 314, 323–24, 101 S.Ct. 2376, 2383, 69 L.Ed.2d 40 (1981). Thus, any rational basis for finding a relationship to interstate commerce will result in a statute being upheld. A number of courts analyzing § 2119 have held that it passes constitutional muster, finding a clear connection between carjacking and interstate commerce. *See United States v. Harris,* 25 F.3d 1275 (5th Cir.1994); *Johnson,* 22 F.3d at 108–9; *United States v. Sabini,* 842 F.Supp. 1446, 1447 (S.D.Fla.1994); *United States v. Payne,* 841 F.Supp. 810, 812 (S.D.Ohio 1994); *United States v. Watson,* 815 F.Supp. 827, 829–32 (E.D.Pa.1993). In particular, the court in *Watson* engaged in a thorough analysis of Congress' reasons for the statute and the effect of carjacking on interstate commerce. 815 F.Supp. at 829–32.

Congress' decision to "federalize" carjacking has not been without some criticism. As the court stated in *Cortner,*

The Congress, in its legislative justification for the carjacking act, made the findings that some cars went to chop shops and the parts were then sent across state lines and that some cars were carjacked and sent intact across state lines. They made a further finding that the automobile insurance of all car owners would be raised by the theft of automobiles, thus justifying an 'affecting commerce' determination. However, any robbery of any merchant will cause an insurance loss which in turn must be accounted for in the premiums of every other insured. If this rationale can be used to justify this act under the Commerce Clause, then there is absolutely no limit to what the Congress can do ...

The Congress has had a recent penchant for passing a federal criminal statute on any well-publicized criminal activity ...

834 F.Supp. at 243. The Tennessee district court's arguments are well-taken and other courts have raised similar concerns about the exercise of congressional power under the Commerce Clause in this area. *See United States v. Ornelas,* 841 F.Supp. 1087, 1092–93 (D.Colo.1994) ("Perhaps, unfortunately, Con-

4. As a last alternative, defendant asks the Court to apply the rule of lenity to resolve any ambiguities in the language of the statutes in defendant's favor. In view of the foregoing analysis and the clarity with which Congress has expressed its intent to provide for cumulative sentencing, the Court declines to follow defendant's suggestion in this case.

**1036**

gress's legislative power under the Commerce Clause has become a virtual blank check ..."). But, as the Sixth Circuit has stated with reference to the *Cortner* decision, "It may well be that the carjacking statute is unwise and encroaches on traditional views of federalism, ... but it is not unconstitutional under current Commerce Clause doctrine." *Johnson,* 22 F.3d at 109. As tenuous as the link may appear to some, it cannot be said that there is *no* rational connection between carjacking and interstate commerce.

The Court finds that defendant's second challenge to his conviction must meet the same fate as his first. Consequently, the Motion to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody is DENIED.