**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARCUS KARA EASON,

    Defendant-Appellant.

No. 96-3272
(District of Kansas)
(D.C. No. 96-CR-20005-002)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The court therefore honors the parties' requests and orders the case submitted without oral argument.

Marcus Eason appeals the district court's imposition of a 60 month mandatory sentence pursuant to 18 U.S.C. § 924(c) to be served consecutive to his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

37 month sentence for armed bank robbery in violation of 18 U.S.C. § 2113. Eason argues that: (1) he should have been sentenced pursuant to U.S.S.G. § 2B3.1(b) rather than § 924(c) for the use of a firearm during the robbery because § 924(c) is subsumed into the crime of armed bank robbery under § 2113; and (2) the district court was without jurisdiction because the United States did not prove the subject bank was federally insured. Eason's attorney has filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he states that the arguments advanced by Eason are frivolous. Accordingly, Eason's counsel has moved to withdraw as counsel of record. Eason has also filed a *pro se* supplemental brief. This court agrees with Eason's attorney's assessment of the arguments raised, grants his motion to withdraw, and affirms the district court.

Eason's argument regarding the non-applicability of § 924(c) where the underlying crime is an armed bank robbery is clearly foreclosed by this court's opinion in *United States v. Lanzi*, 933 F.2d 824, 826 (10th Cir. 1991). In *Lanzi*, this court held that § 924(c) applies cumulatively to add five consecutive years to a sentence for armed bank robbery in violation of § 2113. According to *Lanzi*, the plain language of § 924(c) "clearly evinces congressional intent that any defendant using a dangerous weapon in connection with a violent crime must be sentenced to five years imprisonment, such sentence to run consecutive to that

imposed for the violent crime." *Id.*; *see also United States v. Overstreet*, 40 F.3d 1090, 1093-94 (10th Cir. 1994) (reaching same conclusion for use of a firearm during an armed carjacking in violation of 18 U.S.C. § 2119).

As to Eason's claim that the bank he pleaded guilty to robbing may not have been federally insured, we note that "[a] plea of guilty constitutes an admission of all material facts well pleaded in the indictment." *United States v. Crockett*, 812 F.2d 626, 629 (10th Cir. 1987). The indictment in this case clearly states that the bank Eason pleaded guilty to robbing was federally insured. Thus, Eason's argument necessarily fails, as by his plea Eason admitted this element of the offense.

The judgment and sentence of the United States District Court for the District of Kansas is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge