133 F.3d 933
 98 CJ C.A.R. 182
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marcus Kara EASON, Defendant-Appellant.
 No. 96-3272.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1998.
 
 Before BALDOCK, EBEL, and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The court therefore honors the parties' requests and orders the case submitted without oral argument.
 
 
 3
 Marcus Eason appeals the district court's imposition of a 60 month mandatory sentence pursuant to 18 U.S.C. § 924(c) to be served consecutive to his 37 month sentence for armed bank robbery in violation of 18 U.S.C. § 2113. Eason argues that: (1) he should have been sentenced pursuant to U.S.S.G. § 2B3.1(b) rather than § 924(c) for the use of a firearm during the robbery because § 924(c) is subsumed into the crime of armed bank robbery under § 2113; and (2) the district court was without jurisdiction because the United States did not prove the subject bank was federally insured. Eason's attorney has filed an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that the arguments advanced by Eason are frivolous. Accordingly, Eason's counsel has moved to withdraw as counsel of record. Eason has also filed a pro se supplemental brief. This court agrees with Eason's attorney's assessment of the arguments raised, grants his motion to withdraw, and affirms the district court.
 
 
 4
 Eason's argument regarding the non-applicability of § 924(c) where the underlying crime is an armed bank robbery is clearly foreclosed by this court's opinion in United States v. Lanzi, 933 F.2d 824, 826 (10th Cir.1991). In Lanzi, this court held that § 924(c) applies cumulatively to add five consecutive years to a sentence for armed bank robbery in violation of § 2113. According to Lanzi, the plain language of § 924(c) "clearly evinces congressional intent that any defendant using a dangerous weapon in connection with a violent crime must be sentenced to five years imprisonment, such sentence to run consecutive to that imposed for the violent crime." Id.; see also United States v. Overstreet, 40 F.3d 1090, 1093-94 (10th Cir.1994) (reaching same conclusion for use of a firearm during an armed carjacking in violation of 18 U.S.C. § 2119).
 
 
 5
 As to Eason's claim that the bank he pleaded guilty to robbing may not have been federally insured, we note that "[a] plea of guilty constitutes an admission of all material facts well pleaded in the indictment." United States v. Crockett, 812 F.2d 626, 629 (10th Cir.1987). The indictment in this case clearly states that the bank Eason pleaded guilty to robbing was federally insured. Thus, Eason's argument necessarily fails, as by his plea Eason admitted this element of the offense.
 
 
 6
 The judgment and sentence of the United States District Court for the District of Kansas is hereby AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3