23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of AMERICA, Plaintiff-Appellant,
v.
Paul GIBSON, a/k/a Shorty, Defendant-Appellee.
 No. 92-5852.
 United States Court of Appeals,
Fourth Circuit
 Argued May 11, 1993
Decided May 17, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-90-149-N)
 Richard Cullen, U.S. Atty., Vincent L. Gambale, Asst. U.S. Atty., Alexandria, VA, for appellant.
 Eileen A. Olds, Chesapeake, VA., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Government appeals the sentence imposed on Paul Gibson for his convictions on a single conspiracy count, two robbery counts, and two counts of use of a firearm in the commission of a crime of violence. We hold that the district court erred in several respects in resentencing, and, therefore, we vacate the sentence and remand the case for resentencing.
 
 
 2
 Paul A. Gibson and several co-defendants were indicted for robbing four Virginia banks over a span of two weeks. Gibson pled guilty to one count of conspiracy in violation of 18 U.S.C. Sec. 371 (1988), two counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(d) (1988), and two counts of using a firearm in relation to a crime of violence in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1992).
 
 
 3
 Gibson's presentence report reflected a sentencing guideline range of 155 to 188 months for the conspiracy and robbery counts. In addition to the guidelines sentence, the probation officer noted that the two firearms convictions carried mandatory consecutive terms of five years and twenty years. See 18 U.S.C. Sec. 924(c). Thus, the total sentence was in the range of approximately thirty-seven to forty years.
 
 
 4
 At the original sentencing hearing, the district court imposed a five year sentence on the conspiracy count, a single consecutive fifteen year sentence on the two robbery counts, and another single consecutive five year term for the two firearms counts. The district court refused to impose the enhanced twenty year sentence on the second Sec. 924(c) count. The Government appealed.
 
 
 5
 In an unpublished opinion, we rejected the "one activity" theory, which resulted in a single five year sentence for the two firearms charges, and remanded for resentencing, directing the district court to impose consecutive sentences of five years and twenty years for the two firearms convictions. United States v. Gibson, No. 91-5606 (4th Cir. August 24, 1992) (unpublished).
 
 
 6
 A resentencing hearing took place on November 10, 1992. The district court judge grouped the conspiracy and robbery counts under U.S.S.G. Sec. 3C1.2(b),[1] and computed a term of 130 months imprisonment for those counts. The district court also found that, in accordance with this Court's directive, an additional 300 month enhancement for the two firearms counts was applicable.
 
 
 7
 Despite these findings, however, the district court then imposed a total sentence of 300 months (the same sentence originally imposed) by ruling that the firearms enhancements would run concurrent with the 130 month term for the underlying conspiracy and robbery counts. Moreover, the district court ordered that the entire federal sentence, including the sentence for the firearms counts, would run concurrent to Gibson's state sentence already imposed for the underlying offenses.
 
 
 8
 The Government objected to the sentence, noting that only the sentence on the robbery and conspiracy counts could be made concurrent to the state sentence under U.S.S.G. Sec. 5G1.3(b). The probation officer advised the court that the five and twenty year sentences for the firearm counts had to be consecutive to the robbery counts. The district court did not change the proposed sentence.
 
 
 9
 The Government appealed the sentence imposed at resentencing. The Government contends that the district court contradicted the clear language of Sec. 924(c) by allowing the sentences for the firearms convictions to run concurrently with the sentences for the underlying offenses.
 
 
 10
 We give due deference to a sentencing court's application of the guidelines to the facts. 18 U.S.C.A. Sec. 3742(e) (West 1985 & Supp.1992). However, where the issue is a legal issue, the standard of review approaches de novo review. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). Our review of the record in this case reveals that the district court erred in several respects when it resentenced Gibson.
 
 
 11
 The plain language of a statute controls where it is not ambiguous or unconstitutional. United States v. Luskin, 926 F.2d 372, 376 (4th Cir.), cert. denied, 60 U.S.L.W. 3258 (U.S.1991). Both the plain language of Sec. 924(c) and relevant case law mandate that a sentence imposed under that statute must run consecutive to any sentence imposed for the underlying offense. See 18 U.S.C. Sec. 924(c)[2]; United States v. Raynor, 939 F.2d 191 (4th Cir.1991); United States v. Lanzi, 933 F.2d 824, 826 (10th Cir.1991).
 
 
 12
 Further, the district court's decision to allow Gibson's sentence on all federal counts to run concurrent with his state court sentence violated the policy behind Sec. 924(c), which is to impose additional punishment on a defendant who uses or carries a dangerous weapon during a violent crime. United States v. Lanzi, 933 F.2d at 826-27 (collecting authorities and quoting legislative history to the effect that the statute eliminates the possibility of the Sec. 924(c) sentence being made to run concurrently with that for the underlying offense or for any other crime). Therefore, the district court erred in running Gibson's sentence on the Sec. 924(c) counts concurrent with the sentence on the underlying federal robbery and conspiracy counts.
 
 
 13
 The district court correctly found, and the Government conceded at the resentencing, that Gibson's sentence on the underlying federal robbery and conspiracy counts could run concurrent with the state court sentence he received for robbery. U.S.S.G.Sec. 5G1.3(b). However, the Government and the probation officer both correctly advised the district court at resentencing that any sentence imposed for the Sec. 924(c) violations could not run concurrent with the sentences for the underlying state or federal offenses. However, the district court did not follow this advice and imposed its proposed sentence without modification.
 
 
 14
 We find that the district court erred by allowing Gibson's sentence on the Sec. 924(c) counts to run concurrent with his sentence on the federal robbery and conspiracy counts. We also find that the district court erred in running Gibson's entire federal sentence (including the twenty year and five year sentences for the Sec. 924(c) counts) concurrent with his state court robbery conviction. Section 924(c) requires that a sentence under it be made consecutive to "any other term of imprisonment." Accordingly, we vacate the sentence and remand for resentencing.
 
 VACATED AND REMANDED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 In pertinent part, Sec. 924(c) provides:
 Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.