**Raymond Hampton PUTZE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 3:96CV03. Criminal Action No. 3:91CR151.**

United States District Court, E.D. Virginia, Richmond Division.

March 28, 1996.

Raymond Hampton Putze, Cumberland, MD, pro se.

N. George Metcalf, Asst. U.S. Atty., United States Attorney's Office, Richmond, VA, for defendant.

## MEMORANDUM OPINION

SPENCER, District Judge.

THIS MATTER is before the Court upon petitioner's motion, under 28 U.S.C. § 2255, to vacate, correct, or set aside his conviction for carrying a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Petitioner has challenged his conviction on two grounds: (1) that the Court misapplied the federal sentencing guidelines by not allowing (or, at a minimum, by not considering the possibility of allowing) this conviction to run concurrently with an undischarged term of imprisonment that petitioner was serving in the Virginia Department of Corrections, and (2) that the conviction itself is improper under the Supreme Court's rationale in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). As the discussion below will illus-

trate, the plain language of the statute requires that petitioner's term of imprisonment be imposed consecutive to any other term of imprisonment previously imposed, including those imposed under state law. In addition, the *Bailey* decision has no impact on petitioner's conviction, because petitioner clearly admitted to *carrying* (not *using* ) a firearm on his person while engaging in a drug transaction. Consequently, petitioner's motion will be DENIED.

## I. FACTUAL BACKGROUND

From April to May 1991, petitioner was the subject of a joint undercover criminal investigation conducted by the federal Bureau of Alcohol, Tobacco, and Firearms, the Virginia Department of Alcoholic Beverage Control (ABC), and the New Kent County, Virginia, Sheriff's Department. As part of that investigation, Lois M. Staples, a criminal investigator with the ABC, acted in an undercover capacity. After gaining the trust of the petitioner, Investigator Staples met with him on several occasions, for the purpose of purchasing crack cocaine or marijuana. On each of these occasions, Investigator Staples wore a body transmitter which allowed her to record her conversations with Mr. Putze.

During a purchase on 22 May 1991, Investigator Staples met petitioner at his home and purchased 1.13 grams of crack cocaine for $300. While making the purchase, Investigator Staples noticed that petitioner was in possession of some type of firearm, although she could not positively identify the gun. After discussing this transaction with other agents, it was decided that Investigator Staples would arrange to make another purchase from Putze, apparently for the purpose of making a positive identification on the gun. Thus, on 30 May 1991, Staples again met with petitioner and purchased quantities of marijuana and crack cocaine for $600. Later that day, Staples asked petitioner what kind of gun he was carrying on 22 May. Petitioner then showed her the gun and told her it was a 9mm. Investigator Staples took the gun and looked at it. Then, pretending to read the model number, she read aloud the weapon's serial number, so that it could be recorded on her transmitter. Putze, un-

aware of the tactic, stated, "No, that's not the model number; that's the serial number." So, in order to satisfy petitioner, Staples then read aloud the model number of the weapon.

After this transaction on 30 May 1991, petitioner was arrested by deputies of the New Kent County Sheriff's Department. A search warrant was then executed on petitioner's home, and officers recovered quantities of marijuana, drug paraphernalia, and a Smith & Wesson 9mm revolver, model number 5906, serial number TCE–8532. The model and serial numbers on the weapon recovered matched those read aloud by Investigator Staples earlier that evening.

On 18 November 1991, petitioner was named in a six-count indictment, which charged him with two counts of carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and four counts of illegal use of a communication facility, in violation of 21 U.S.C. § 843(b). He was indicted separately, in state court, on the actual drug possession and distribution charges. In December 1991, petitioner was convicted in state court of the possession and distribution charges and sentenced to a term of imprisonment. On 13 February 1992, pursuant to the terms of a written plea agreement, petitioner pled guilty to Count One of the six-count federal indictment, which charged him with carrying a firearm in connection with a drug trafficking crime.[1] During that hearing in which the guilty plea was taken, petitioner specifically admitted to having a gun on his person.[2] Therefore, on 21 April 1992, the Court sentenced the petitioner to a 60–month term of imprisonment and ordered that that term would be served "consecutive to any other imprisonment previously imposed in any other jurisdiction."

## II. EFFECT OF *BAILEY* ON PETITIONER'S CONVICTION

■ The Court will first dispose of the easier of petitioner's two challenges to his conviction. In his motion, Putze argues that his conviction under 18 U.S.C. § 924(c)(1) should be overturned because he was not *using* a gun in connection with a drug transaction. Section 924(c)(1) provides, in pertinent part, that:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, *uses* or *carries* a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

18 U.S.C.A. § 924(c)(1) (West Supp.1995) (emphasis added).

In *Bailey v. United States*, —— U.S. ——, ——, 116 S.Ct. 501, 509, 133 L.Ed.2d 472 (1995), the Supreme Court recently held that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." Thus, under *Bailey*, if petitioner were convicted of *using* a firearm in relation to a drug trafficking offense, the government on collateral review would have to adduce evidence which showed that petitioner—by word or deed—made reference to a firearm with the specific intent of creating a more favorable circumstance in the underlying drug transaction. In the present case, however, the government is not required to come forward with such evidence of active

---

1. The other counts of the indictment were dismissed upon motion of the United States, pursuant to the terms of the plea agreement.

2. Originally, when the Court asked petitioner whether he did, in fact, have the gun on his person on 22 May 1991, he appeared uncertain. He went back and forth, admitting to owning the gun, but not necessarily to possessing the gun. He indicated that he was confused. The Court then explained to petitioner that it would not accept a guilty plea from the petitioner unless he could admit to having the gun in his possession.

The Court allowed a brief recess so that the defendant could confer with his attorney, and upon returning from the recess, the following colloquy occurred:

THE COURT: All right, Mr. Putze, let me ask you straight up: On May 22nd during this drug transaction, did you have a gun on you?
THE DEFENDANT: Yes, sir.
THE COURT: All right. Mr. Putze, as to Count One of the indictment, let me ask you again, how do you plead, guilty or not guilty?
THE DEFENDANT: Guilty.

employment because Putze was convicted under the "carry" prong of the statute. As noted by the Court in *Bailey*, "[t]he 'carry' prong of § 924(c)(1) . . . brings some offenders who would not satisfy the 'use' prong within the reach of the statute." *Id.* Putze's admission, at the time of his guilty plea, to having a firearm on his person while engaged in the sale of illegal narcotics to an undercover agent certainly would meet the requirements of the "carry" prong of § 924(c)(1). Consequently, petitioner's *Bailey* challenge to his conviction is without merit.

## III. REQUIREMENT OF A CONSECUTIVE TERM OF IMPRISONMENT UNDER § 924(c)

■ Petitioner also challenges the Court's imposition of a consecutive term of imprisonment for this § 924(c)(1) conviction. At the time of sentencing on this charge, petitioner was already in the custody of the Virginia Department of Corrections, serving an undischarged term of imprisonment, as a result of his convictions on the underlying drug possession and distribution charges which formed the basis of his § 924(c)(1) conviction. Relying on the Tenth Circuit's decision in *United States v. Gonzales*, 65 F.3d 814 (10th Cir.1995), petitioner argues that the Court should have, at a bare minimum, considered running the § 924(c)(1) conviction *concurrently* with the state conviction.[3]

The relevant portion of § 924(c)(1) for the purpose of this challenge is as follows:

Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment* including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

18 U.S.C. § 924(c)(1) (West Supp.1995) (emphasis added).

In *Gonzales*, the Tenth Circuit held that the phrase "any other term of imprisonment"

in § 924(c)(1) is ambiguous, thus requiring the court to reach to the statute's legislative history:

*Taken most literally*, "any other term of imprisonment" would encompass not only all federal sentences but state sentences as well. However, since this is a federal statute, with presumed concern for the treatment of federal crimes, the language could be read more narrowly to apply only to federal sentences, excluding state sentences from its scope.

65 F.3d at 820 (emphasis added). Upon analysis of the legislative history, the Tenth Circuit determined that Congress intended for the mandatory sentence contained within § 924(c)(1) to be served "prior to the start of the sentence for the underlying or any other offense." *Id.* at 820–21 (citing S.Rep. No. 225, 98th Cong., 2d Sess. 313–14). Given this intent, the Tenth Circuit reasoned, it would be impossible for a later-sentencing federal court to cause a § 924(c)(1) sentence to be served prior to a previously imposed state term of incarceration. Thus, the court concluded, the best way to carry out the legislative intent of the statute would be to require that the § 924(c)(1) sentence begin immediately upon the district court's imposition of the sentence—which would, of course, result in the sentence running *concurrent* to any previously imposed state term of imprisonment.

■ The Tenth Circuit's reasoning in *Gonzales* is unpersuasive for several reasons. First, the Tenth Circuit's conclusion that it is impossible for a later-sentencing court to impose a term of imprisonment prior to a previously imposed undischarged state term applies with equal force to previously imposed undischarged federal terms. Thus, that conclusion provides no basis upon which to impose a concurrent term of imprisonment. More importantly, this Court disagrees with the Tenth Circuit's reference to legislative history in a case such as this, where the statute is clear and unambiguous on its face and where the plain language of the statute does not render a result that is absurd or

---

**3.** The Court does not read petitioner's motion as an argument that the court was *required* to run the sentences concurrently. *Gonzales* itself held that "the choice between imposing concurrent

and consecutive prison terms is [generally] left to the sound discretion of the sentencing court." *Id.* at 819.

clearly not contemplated by Congress. In the absence of such ambiguity or absurdity, reference to legislative history in the interpretation of a statute is inappropriate. *Stiltner v. Beretta U.S.A. Corp.*, 74 F.3d 1473, 1482 (4th Cir.1996).

The plain language of § 924(c)(1) is unequivocal in its requirement that the term of imprisonment imposed run consecutive to any other previously imposed term. The statute provides: "nor shall the term of imprisonment imposed under this section run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried." The Tenth Circuit simply makes too much fuss over Congress's choice to phrase the prohibition against concurrent sentences in the negative rather than "to employ more conventional and straightforward declaratory language to require consecutive sentences." *Gonzales*, 65 F.3d at 820. There is no principled reason to treat the phrase "shall not run concurrently" any differently than the phrase "shall run consecutively." Both phrases mean the same thing. *Accord United States v. Thomas*, 77 F.3d 989, 990–91 (7th Cir.1996).

Similarly, this Court sees no reason to limit the application of the phrase "any other term of imprisonment," contained within § 924(c)(1), solely to *federal* terms of imprisonment. As the Sixth Circuit has observed, "[t]he phrase 'any other term of imprisonment' is not ambiguous—it is simply broad." *United States v. Ospina*, 18 F.3d 1332, 1335 (6th Cir.1994). Thus, reference to legislative history is inappropriate.[4] Consequently, the Court concludes that it correctly applied § 924(c)(1) when it ordered the term of imprisonment to run consecutively to petitioner's previously imposed state term.[5]

---

**4.** Even if reference to the legislative history were called for in this case, it would not support the conclusion that petitioner seeks. The legislative history relied upon by Putze and by the Tenth Circuit in *Gonzales* is scant at best. Moreover, any legislative history to the contrary is clearly repudiated by the plain language of the statute, which requires the imposition of a consecutive term and which leaves no room for interpretation. *See Ospina*, 18 F.3d at 1335. *See also United States v. Gibson*, 23 F.3d 403, No. 92–5852, 1994 WL 191609 (4th Cir. May 17, 1994) (unpublished) (holding that the policy behind § 924(c) is to "impose additional punishment on

## IV. CONCLUSION

For the reasons stated above, the Court concludes that petitioner's conviction under 18 U.S.C. § 924(c)(1) for carrying a firearm in relation to a drug trafficking crime is not improper under *Bailey*, because petitioner admitted to carrying a weapon on his person during a drug trafficking crime. In addition, the consecutive term of imprisonment imposed on this charge was proper in light of the plain meaning of the statute. Petitioner's motion is therefore without merit. Accordingly, the motion will be DENIED and the petition DISMISSED.

---

a defendant who uses or carries a dangerous weapon during a violent crime.").

**5.** This result is also dictated by the federal Sentencing Guidelines. Section 2K2.4(a) provides that "[i]f the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. ... § 924(c) ... the term of imprisonment is that required by statute." Further, Application Note 1 to § 2K2.4 provides that "[i]n each case, the statute requires a term of imprisonment imposed under this section to run consecutively to any other term of imprisonment."