16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel COVARRUBIAS-GARCIA, Defendant-Appellant.
 No. 93-2024.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 EBEL
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Defendant-appellant, Manuel Covarrubias-Garcia, appeals from his sentence, claiming that he was entitled to an extra one point reduction in the offense level used to calculate his sentence for acceptance of responsibility. He is proceeding pro se after his counsel filed an Anders brief that noted that we lack jurisdiction to review a sentence if it was imposed within the proper range by the district court.
 
 
 3
 On February 20, 1992, Covarrubias-Garcia was indicted on the charge of possessing marijuana with an intent to distribute, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C). He initially entered a plea of not guilty. Trial was set for April 20, 1992. On April 20, Covarrubias-Garcia entered a plea of guilty to the possession charge. As part of the plea arrangement, the defendant and the government stipulated that he had shown a clear acceptance of responsibility and was thus entitled to a two-point reduction in his offense level under United States Sentencing Guideline 3E1.1. The record does not reflect when the defendant notified the government of his intention to plead guilty.
 
 
 4
 The presentence report did not recommend a reduction in the offense level for acceptance of responsibility because the U.S. Probation Office had not received information regarding the alleged facts surrounding the acceptance of responsibility from the defendant. The record does not reveal whether the defendant or the government objected to the presentence report.
 
 
 5
 Despite the recommendation of the presentence report, the district court gave the defendant a two-point reduction under 3E1.1 on December 22, 1992, reducing his criminal offense level from 24 to 22. The record discloses no reasons for the district court's decision. Since the criminal history category was II, the guideline range was between 46 and 57 months. The district court sentenced Covarrubias-Garcia to the lowest sentence, 46 months.
 
 
 6
 Defendant's counsel filed a timely notice of appeal. Pursuant to Anders v. California, 386 U.S. 738 (1978), counsel later filed a brief in which he claimed that there are no nonfrivolous issues for appeal because the sentence the defendant received falls within the guideline range for his offense level and criminal history. We accept counsel's brief and agree to the general proposition that we will typically not review a district court's decision that sets a sentence at a particular point if applying the correct guideline range. United States v. Garcia, 919 F.2d 1478, 1482 (10th Cir.1990).
 
 
 7
 However, the defendant has also filed a pro se supplement to the Anders brief alleging that he was entitled to an additional one point reduction under 3E1.1(b).[2] Section 3E1.1(b) became effective on November 1, 1992, the month prior to Covarrubias-Garcia's sentencing, and provides:
 
 
 8
 If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 
 
 9
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 10
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.
 
 
 11
 The record does not indicate that the district court considered 3E1.1(b) or that the defendant objected to the district court's sentencing in this regard.
 
 
 12
 Since Covarrubias-Garcia failed to object to the district court's grant of a two-point reduction for acceptance of responsibility without considering a third point under 3E1.1(b), we review for plain error. Fed.R.Crim.P. 52(b); United States v. Herndon, 982 F.2d 1411, 1419 (10th Cir.1992). A sentence based on a wrong guideline range constitutes an error affecting "substantial rights" and can thus constitute plain error. United States v. Smith, 919 F.2d 123, 124 (10th Cir.1990). However, we have refused to find plain error when the alleged error involves the resolution of factual disputes over the applicability of a particular guideline. United States v. Easter, 981 F.2d 1549, 1556 (10th Cir.1992), cert. denied, 113 S.Ct. 2448 (1993). The defendant bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to a reduction under 3E1.1. United States v. Amos, 984 F.2d 1067, 1073 (10th Cir.1993).
 
 
 13
 The record on appeal does not indicate that the district court considered whether the defendant qualified for an extra one-point reduction under 3E1.1(b). It is unclear from the record whether: the district court determined that the defendant had failed to show entitlement; it overlooked subsection (b); or applied the version of 3E1.1 applicable prior to November 1, 1992 that did not include the additional reduction in the current 3E1.1(b).
 
 
 14
 The defendant meets the first two requirements under 3E1.1(b) because the district court found that he was entitled to a two-point reduction under 3E1.1(a) and his base offense level exceeded over 16. However, the defendant has made no showing that he meets the requirements of either 3E1.1(b)(1) or 3E1.1(b)(2). The record does not disclose that the defendant timely provided complete information about his involvement in his offense. U.S.S.G. 3E1.1(b)(1). Similarly, the record does not show that Covarrubias-Garcia timely notified the authorities of his intention to plead guilty so as to enable the government to avoid preparing for trial and the court to efficiently allocate its resources. U.S.S.G. 3E1.1(b)(2). Thus, the petitioner has failed to show that the district court's determination of the guideline range without the extra 3E1.1 one-point reduction was plain error.
 
 
 15
 Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 On October 29, 1993, we granted Covarrubias-Garcia leave to file this supplemental brief