**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA**,**

Plaintiff-Appellee,

v.

CARLENE MERRITT**,**

Defendant-Appellant.

Case No. 96-3357
(D.C. 95-20086-11-JWL)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

Carlene Merritt appeals the district court's judgment imposing an eighty-four

month sentence after a guilty plea, arguing that she should have received an additional,

one-level reduction in her offense level under section 3E1.1(b)(2) of the United States

Sentencing Guidelines for acceptance of responsibility. Because Ms. Merritt did not raise

this issue in the district court, we review its decision only for plain error and affirm. [1]

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

## BACKGROUND

In a second superseding indictment filed on May 21, 1996, the government charged Ms. Merritt with money laundering, conspiring to distribute cocaine, and conspiring to launder money. Trial was scheduled for July 24, 1996. On July 18, 1996, Ms. Merritt entered into a plea agreement with the government regarding the money laundering conspiracy charge, which alleged a violation of 18 U.S.C. § 1956(h). Under the terms of the plea agreement, the government stated that it would recommend that the district court sentence Ms. Merritt at the lowest end of the applicable guideline range. The government also agreed that it would recommend that Ms. Merritt receive a two-level reduction in the offense level pursuant to USSG § 3E1.1 for acceptance of responsibility and that the remaining charges against Ms. Merritt be dismissed. On July 23, 1996, Ms Merritt entered a formal guilty plea to the money laundering charge.

In the presentence investigation report, the probation officer recommended a two-level reduction in the offense level pursuant to USSG § 3E1.1(a). See Rec. vol. III at 14. However, the probation officer did not recommend an additional one-level reduction under § 3E1.1(b)(2). Ms. Merritt did not object to the government's refusal to afford her the additional one-level reduction, and the district court sentenced her to a term of imprisonment of eighty-four months.

_____

submitted without oral argument.

**DISCUSSION**

On appeal, Ms. Merritt argues that she should have received an additional one-level reduction in her offense level pursuant to USSG § 3E1.1(b)(2) because she timely notified the government of her intention to plead guilty.  Ms. Merritt observes that her motion for severance was denied by the district court on July 10, 1996, and that she entered into the plea agreement on July 18, 1996.  According to Ms. Merritt, this eight-day interval between the district court's ruling and the plea agreement establishes that her guilty plea was timely and that she is entitled to the additional one-level reduction under § 3E1.1(b)(2).

Section 3E1.1 provides:

> Acceptance of Responsibility:
>
> (a)    If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b)    If the defendant qualifies for a decrease under subsection (a), the offense  level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
> > . . . .
>
> > (2)    timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and

3

> permitting the court to allocate its
> resources efficiently,
>
> decrease the offense level by 1 additional level.

As noted, Ms. Merritt did not object to the presentence report's failure to afford her the additional one-level reduction in her offense level under § 3E1.1(b)(2). As a result, we review the district court's application of the sentencing guidelines for plain error. See United States v. Jones, 80 F.3d 436, 438 (10th Cir), cert. denied, 117 S. Ct. 139 (1996). Plain error is "'clear' or 'obvious' error that affected [her] substantial rights, and that seriously affected the integrity of the[] judicial proceedings." Id. Although the erroneous resolution of a legal question that leads to the misapplication of a guideline provision may constitute plain error, see United States v. Ivy, 83 F.3d 1266, 1294-95 (10th Cir.), cert. denied, 117 S. Ct. 253 (1996), factual disputes regarding the applicability of a particular guideline do not rise to the level of plain error. Jones, 80 F.3d at 438.

In the instant case, we conclude that the denial of the additional one-level reduction in the offense level pursuant to USSG § 3E1.1(b)(2) does not constitute plain error. Because her trial was scheduled for July 24, 1996, it is questionable whether Ms. Merritt's entering into a plea agreement on July 18, 1996, could be considered "timely." See United States v. Hopper, 27 F.3d 378, 385 (9th Cir. 1994) (affirming district court's denial of one-level § 3E1.1(b)(2) reduction when the defendant pled guilty "approximately three weeks prior to his scheduled trial date"). In any event, the determination of the timeliness of Ms. Merritt's guilty plea under § 3E1.1(b)(2) involves

4

factual questions and does not rise to the level of plain error. See id. (noting the factual questions underlying the determination of the timeliness of a guilty plea--whether "the Government has already spent considerable time and effort preparing for trial and is at least substantially prepared to present its case" and whether the court "can schedule its calender efficiently" after the defendant enters the plea); United States v. Ciapponi, 77 F.3d 1247, 1252 (10th Cir.) ("Clearly, factual disputes bearing on the sentence, which are not raised at sentencing, are waived."), cert. denied, 116 S. Ct. 1839 (1996).

Accordingly, the district court's decision is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry

Circuit Judge

5