**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LARRY JERMAINE BATTLE, JR.,

    Defendant - Appellant.

No. 01-3154

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 00-CR-10059-01-JTM)**

Vicki Mandell-King, Assistant Federal Public Defender, Chief, Appellate Division (Michael G. Katz, Federal Public Defender, with her on the briefs), Denver, Colorado, for Defendant-Appellant.

Lanny D. Welch, Assistant United States Attorney (James E. Flory, United States Attorney, D. Blair Watson, Assistant United States Attorney, with him on the brief), Wichita, Kansas, for Plaintiff-Appellee.

Before **SEYMOUR** , **ALARCÓN** ,* and **ANDERSON,** Circuit Judges.

---

    * The Honorable Arthur L. Alarcón, Senior United States Circuit Judge for

(continued...)

**ALARCÓN** , Circuit Judge.

Larry Jermaine Battle, Jr. ("Battle") appeals from the judgment of conviction and the sentence imposed for obstructing or delaying interstate commerce by committing a robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act"), and for causing the death of Edward S. Lee by use of a firearm during the commission of a robbery in violation of 18 U.S.C. §§ 924(c)(1) and (j)(1).

He seeks reversal of the Hobbs Act violation on the ground that the robbery of a local convenience store is not an economic activity that has a substantial effect on interstate commerce. He appeals from the court's sentencing decision on the ground that it erred in imposing consecutive sentences, in computing the applicable Sentencing Guidelines range, and in denying him an additional reduction for acceptance of responsibility.

We affirm the judgment of conviction because we conclude that the Hobbs Act is violated even if the robbery of a convenience store does not have a substantial effect on interstate commerce. We also hold that the sentence imposed

*(...continued)
the Ninth Circuit, sitting by designation.

by the court was consistent with §§ 924(c)(1) and (j)(1) and the Sentencing Guidelines.

# I

The evidence viewed in the light most favorable to the Government demonstrates that on March 29, 2000, Battle and Dius T. Lorance ("Lorance") entered Lee's Phillips 66, a gas station and convenience store, located in Wichita, Kansas that was owned by Edward S. Lee ("Mr. Lee") and his wife, Van Thu Ho ("Ms. Ho"). Battle and Lorance wore bandanas that covered their faces. At that time, Mr. Lee was behind the counter, and Ms. Ho was in a back room eating lunch. Battle was armed with a short barreled shotgun. He ordered Mr. Lee to give them the money in the cash register. While opening the cash register, Mr. Lee also pressed the alarm button to summon the police. Lorance jumped over the counter, took approximately $320.00, and then ran out of the store. Ms. Ho watched the robbery via a television monitor connected to the store's security cameras. She also activated the store's alarm system.

As Battle was backing away from the counter, he ordered Mr. Lee not to move. Mr. Lee did not move. Nevertheless, Battle fired the shotgun at Mr. Lee.

He was struck in the right upper torso. As a result of the wounds he received from the shotgun blast, Mr. Lee died approximately three hours later.

The police officers who responded to the alarm and Ms. Ho's 911 call followed Battle's footprints to a house two or three blocks away where they arrested Battle. A search of the house revealed shotgun shells and currency. Along the footprint path, the officers found a sawed-off shotgun, gloves, and a bandana.

Battle was taken to the FBI Violent Crime Task Force office. When interrogated, he admitted that he had committed the robbery and had shot Mr. Lee. He refused to disclose the identity of his accomplice. He also stated that he fired the shotgun because Mr. Lee moved toward him.

Battle was convicted by a jury on two counts: (1) interfering with or obstructing interstate commerce by committing a robbery (in violation of the Hobbs Act), and (2) causing the death of Mr. Lee with a firearm during the commission of that robbery (in violation of 18 U.S.C. § 924(c)(1) and § 924(j)(1)). Battle was sentenced on May 9, 2001. The district court calculated Battle's sentence by grouping the two counts pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3D1.2(b), with a base offense level of 43. The district court then adjusted the base offense level by two points for acceptance of responsibility, yielding a total offense level of 41. It found that Battle was

subject to criminal history category II. Battle was sentenced to serve consecutive sentences of 240 months in prison for the Hobbs Act violation and life imprisonment pursuant to §§ 942(c)(1) and (j)(1).

## II

The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. This court has jurisdiction over Battle's timely appeal pursuant to 28 U.S.C. § 1291.

## III

Battle seeks reversal of the judgment of conviction on the ground that the Hobbs Act cannot be applied to the robbery of a local convenience store. He also contends that the district court erred in failing to instruct the jury that the Government has to persuade it that the robbery of a local convenience store had a substantial impact on interstate commerce.

The Hobbs Act provides in pertinent part:

> "[w]hoever  in any way or degree  obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a) (emphasis added).

This court has recently rejected contentions similar to Battle's in United States v. Morris, 247 F.3d 1080, 1085 (10th Cir. 2001). In Morris, this court held that "the fact that any robbery may have had only a de minimis effect on interstate commerce does not render regulation of that activity an unconstitutional exercise of congressional power." Id. at 1087.

The Government presented evidence that products sold to Lee's Phillips 66 for resale were produced outside of Kansas. Some of the money taken during the robbery would have been used to purchase products produced in other states. This interstate nexus satisfied the requirement of the Hobbs Act that interstate commerce be affected in "any way or degree" by a robbery. See United States v. Nguyen, 155 F.3d 1219, 1224 (10th Cir. 1998) (applying the Hobbs Act where a local restaurant purchased products originating from out-of-state and the money taken during the robbery would have been used to purchase out-of-state items). The district court did not err in rejecting Battle's proposed jury instructions that stated that the Government was required to persuade the jury that the robbery of Lee's Philips 66 had a substantial effect on interstate commerce.

Battle forthrightly acknowledges that his challenge to the application of the Hobbs Act to the robbery of a local business "has been repeatedly rejected by different panels of this court." He also concedes that "[a]bsent an intervening change in the law, which is not present in this case, or en banc review, we cannot

review the judgment of another panel of this court." United States v. Chanthadara, 230 F.3d 1237, 1260 (10th Cir. 2000). Battle has properly preserved this issue only for possible en banc review. We must reject it based on the law of this circuit.

IV

Battle argues that the district court erred as a matter of law in sentencing him to consecutive sentences for violating the Hobbs Act and using a firearm that resulted in the death of Mr. Lee. He contends that Congress did not require that consecutive sentences be imposed for use of a firearm that results in the death of the victim during the commission of a Hobbs Act robbery. He also argues that multiple punishments under these circumstances violates the Double Jeopardy Clause. Because these questions were not presented to the district court, we must apply the plain error standard of review. United States v. Malone, 222 F.3d 1286, 1292 (10th Cir. 2000). In applying the plain error standard we must first determine whether "there indeed be an 'error.'" United States v. Olano, 507 U.S. 725, 732 (1993).

A.

A district court has the discretion to impose concurrent or consecutive sentences where a defendant is convicted of separate crimes pursuant to

18 U.S.C. § 3584. [1] In exercising its discretion to impose consecutive sentences, a district court must state its reasons so that its decision may be meaningfully reviewed for abuse. United States v. Rose, 185 F.3d 1108, 1112-13 (10th Cir. 1999). Here, the district court did not state its reasons for imposing consecutive sentences. This omission would, in certain cases, compel us to vacate the sentences and remand the case. See id. (holding that consecutive sentences must be vacated if an appellate court is unable to determine whether the district court abused its discretion). We are not, however, compelled to vacate the district court's sentencing decision if it was mandated by §§ 924(c)(1) and (j)(1) to impose consecutive sentences because Battle caused the death of a person through the use of a firearm during the commission of a crime of violence in violation of the Hobbs Act. Battle has failed to discuss the discretionary authority of a court to impose consecutive sentences pursuant to § 3584 and the requirement under Rose that the court state its reasons for doing so. Instead, Battle has assumed that

---

[1] Section 3584 provides in pertinent part:

> If multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.

18 U.S.C. § 3584(a) (2000).

-8-

the district court imposed consecutive sentences because it believed it was mandated to do so.

Battle contends that § 924(j)(1) "does not, by its express terms, require consecutive sentences." He argues that "[t]he language in § 924(j) refers to a § 924(c) violation , and not to that subsection's penalty provision." He further asserts that "[ t]he structure of § 924 supports the view of § 924(j) as charging an aggravated crime different from § 924(c) ." He maintains that because § 924(j) does not expressly incorporate the prohibition against the imposition of concurrent sentences contained in §924(c)(1)(D)(ii), the district court was required to order concurrent sentences. In his reply brief, he requests that "Mr. Battle's case . . . be remanded for imposition of concurrent sentences." We must resolve the question whether Congress mandated consecutive sentences where the death of a person occurs through the use of a firearm during the commission of a violent crime. We can then determine whether we must affirm the district court's sentencing decision, or vacate Battle's sentence and remand this matter with instructions to the district court to set forth the reasons, if such exist, for the exercise of its discretion to impose consecutive sentences pursuant to § 3584.

Battle's main contention is that § 924(j) sets forth a different crime with corpus delicti elements not contained in § 924(c). Section 924(c) provides in pertinent part:

-9-

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. §924(c)(1)(A) (2000).

In enacting §924(c), Congress made it a crime to use or carry a firearm in furtherance of a crime of violence. Section 924(c) also mandates the punishment for this crime be "in addition to" that prescribed for a crime of violence or drug trafficking. 18 U.S.C. § 924(c)(1)(A). The term "in addition to" is defined as "over and above." Webster's Third International Dictionary 24 (1976). Section 924(c) also sets forth a series of aggravating sentencing factors whose presence determines the additional punishment that must be meted out by the court.

Section 924(j) provides:

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall–
> (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life; and

> (2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

18 U.S.C. § 924(j) (2000).

We agree with Battle that the words used in § 924(j) by Congress are unambiguous. We disagree, however, with his contention that § 924(j) sets forth "an aggravated crime different from § 924(c)." We also note that this argument is inconsistent with Battle's earlier contention that "[t]he language in § 924(j) refers to a § 924(c) violation."

The plain meaning of the words used in § 924(j) unequivocally provide that if the evidence shows a violation of § 924(c) (i.e. the use or carrying of a firearm in the commission of a crime of violence or a drug trafficking crime), a district court must impose a consecutive sentence over and above the punishment prescribed for the violent crime. The length of the additional punishment depends upon proof of any of the escalating sentencing factors set forth in § 924.[2] Section 924(j) describes the sentencing factors that must be proved in order to impose a consecutive sentence of death, life imprisonment or a term of years.

In construing §§ 924(c) and (j), we recognize that "[a] federal court must 'give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.'"

---

[2] Section 924 is headed "Penalties."

-11-

United States v. Kammersell, 196 F.3d 1137, 1139 (10th Cir. 1999) (citation omitted). "'[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.'" Id. (citing United States v. Ron Pair Enterprises, 489 U.S. 235, 240-241 (1989)). This court has also recognized that "[s]tatutory construction . . . is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme–because . . . only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law." United States v. Rowlett, 23 F.3d 300, 304 (10th Cir. 1994) (internal quotations and citation omitted).

Imposing a concurrent sentence for a violation of the crime set forth in § 924(c) would not be over and above the sentence imposed for the commission of a crime of violence. Citing United States v. Lanzi, 933 F.2d 824 (10th Cir. 1991), Battle concedes that "[i]t is well settled that sentences under 18 U.S.C. § 924(c) are to run consecutively to other sentences imposed." In Lanzi, this court held that § 924(c)(1) authorizes "an additional sentence over and above that imposed for the underlying felony, even if the underlying felony contained an enhancement provision." 933 F.2d at 826. This circuit's conclusion that § 924(c)(1) mandates a consecutive sentence for the use of a firearm in the commission of a violent

crime is supported by the Ninth Circuit's opinion in United States v. Blocker, 802 F.2d 1102, 1105 (9th Cir. 1986). In Blocker, the court reasoned as follows:

> Amended § 924(c) provides, in unambiguous language, that among those to receive a mandatory five-year sentence for possession of a firearm during commission of a crime of violence are those convicted of "a crime of violence which provides for an enhance punishment if committed by the use of a deadly or dangerous weapon." 18 U.S.C. § 924(c). This mandatory sentence is to be imposed "in addition to the punishment provided for such crime of violence."

Id. at 1105. In support of its conclusion that the imposition of a consecutive sentence is mandated for a violation of § 924(c), the Ninth Circuit relied on the legislative history of § 924(c).

The Senate Judiciary Committee's report regarding the 1984 amendment of § 924(c) contains the following illustration of the intended application of § 924(c):

> [T]he Committee intends that the mandatory sentence under the revised subsection 924(c) be served prior to the start of the sentence for the underlying or any other offense. For example, a person convicted of armed bank robbery in violation of section 2113(a) and (d) and of using a gun in its commission . . . would have to serve five years . . . less only good time credit for proper behavior in prison, before his sentence for the conviction under section 2113(a) and (d) could start to run.

Report of Senate Committee on the Judiciary, S. Rep. No. 98-225, at 313-14 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3492 (footnote omitted).

Battle contends that consecutive sentences are not required where the evidence shows that during a violation of § 924(c), the defendant caused the death of a person through the use of a firearm. As noted above in advancing this argument, Battle contends that § 924(j) " establishes a different aggravated offense , with elements in addition to those in § 924(c) ." We disagree. Section 924(j) does not set forth a discrete crime. It does not apply unless the Government presents evidence demonstrating a violation of § 924(c). As discussed above, Congress has expressly provided that the punishment imposed for a violation of § 924(c) must be "in addition to" the punishment for a crime of violence or a drug trafficking crime.

Battle argues that the failure of Congress to incorporate in § 924(j) the language contained in § 924(c)(1)(D)(ii) demonstrates that the district court was not required to impose consecutive sentences. Section 924(c)(1)(D)(ii) provides in relevant part that "[n]otwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii). Battle also maintains that since § 924(j) is not a subsection within § 924(c), the prohibition against imposing concurrent sentences set forth in § 924(c)(1)(D)(ii) is inapplicable to § 924(j). The failure to repeat the

-14-

prohibition against concurrent sentences set forth in § 924(c)(1)(D)(ii) does not demonstrate that Congress has determined that the penalty set forth in § 924(j) should not be imposed "in addition to" the punishment for the commission of a violent crime in violation of the Hobbs Act. In disposing of a similar contention, this court stated:

> The mere fact that section 2119 was enacted after section 924(c)(1), but does not reference section 924(c)(1), does not alter our conclusion that Congress intended cumulative punishments under the two statutes. "Congress may make a plain statement of its intent to stack punishments in a specified class of crimes as it did in § 924(c)(1). Once Congress does that, it need not reiterate that intent in any subsequent statutes that fall within the previously defined class."

United States v. Overstreet, 40 F.3d 1090, 1095 (10th Cir. 1999) (quoting United States v. Singleton, 16 F.3d 1419, 1427-28 (5th Cir. 1994)).

Since, as Battle forthrightly concedes, § 924(c)(1)(A) mandates the imposition of consecutive sentences, the prohibition against concurrent sentences set forth in § 924(c)(1)(D)(ii) merely emphasizes and reiterates the requirement that consecutive sentences be imposed if the defendant has used a firearm in the commission of a violent crime. Id. We note that in United States v. Allen, appellant Allen argued that:

> [Section] 924(j) should be construed independently of § 924(c) because it does not contain the same "in addition to" language, the legislative history suggests Congress only intended to authorize the death penalty

for violation of § 924(j) if the death penalty was not already authorized for the underlying violent offense, and any ambiguity must be resolved in favor of a defendant based on the rule of lenity."

United States v. Allen, 247 F.3d 741, 769 (8th Cir. 2001). In rejecting these contentions, the Eighth Circuit held the rule of lenity was inapplicable "because Congress's intent is quite clear and not ambiguous." Id. In concluding that § 924(j) is not independent from § 924(c), the Eighth Circuit reasoned:

> [W]hen read in context of the criminal scheme set forth in § 924(c), we think § 924(j) is fairly interpreted as an additional aggravating punishment for the scheme already set out in § 924(c). We reach this conclusion because of § 924(j)'s explicit reference to § 924(c) and because each subsection of the statute is designed for the same purpose–to impose steeper penalties on those criminals who use firearms when engaging in crimes of violence. Moreover, Allen's proposed interpretation of § 924(j) would lead to the odd result that a defendant convicted under § 924(c) is subject to an additional consecutive sentence only in situations that do not result in a death caused by use of the firearm. We think it unlikely that Congress, which clearly intended to impose additional cumulative punishments for using firearms during violent crimes in cases where no murder occurs, would turn around and not intend to impose cumulative punishments in cases where there are actual murder victims.

Id. We agree with the Eighth Circuit that § 924(c) unambiguously mandates the imposition of a consecutive sentence "in addition to" the punishment ordered for the use of a firearm during the commission of a crime of violence where the evidence demonstrates the existence of the aggravating sentencing factors set

-16-

forth in § 924(j). Under the law of this circuit, the rule of lenity "applies only in cases where there is a grievous ambiguity or uncertainty in the language and the structure" of the act. United States v. Onheiber, 173 F.3d 1254, 1256 (10th Cir. 1999) (quotations and citations omitted). The district court did not err in imposing consecutive sentences.

B.

Battle also contends that a construction of § 924(c) and § 924(j) as authorizing consecutive sentences for the same conduct that is punishable under the Hobbs Act violates the Double Jeopardy Clause.

In United States v. Pearson, the appellant also contended that "his convictions under 18 U.S.C. §§ 1951 and 924(c)(1) and (j)(1) violate the Double Jeopardy Clause because they require proof of the same elements." United States v. Pearson, 203 F.3d 1243, 1267 (10th Cir. 2000). This court concluded in Pearson that in enacting § 924(c)(1) and § 924(j)(1), Congress clearly intended "to provide multiple punishments to defendants who commit violent crimes while using or carrying a firearm." Id. at 1268. In that matter, this court expressly rejected "Mr. Pearson's Double Jeopardy Clause challenge to his convictions under §§ 1951 and 924(c) and (j)." Id. The district court, therefore, did not violate the Double Jeopardy Clause in the instant case in imposing multiple punishments.

-17-

V

Battle further contends that the district court erred in applying the Sentencing Guidelines. He argues that he should have received a third-level reduction of his base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b)(1). He also contends that the district court erred in grouping his conviction for violation of the Hobbs Act with his conviction for using a firearm and causing the death of a person in the commission of a violent crime. These sentencing issues are raised for the first time in this appeal. Battle did not raise these objections in the district court. We review his contentions for plain error. United States v. Lindsay, 184 F.3d 1138, 1142 (10th Cir. 1999). Under the plain error standard, Battle must show clear or obvious error that affected his substantial rights and seriously affected the integrity of the judicial proceedings. Johnson v. United States, 520 U.S. 461, 466-67 (1997).

A.

Section 3E1.1 of the U.S.S.G. provides for reductions in the offense level for acceptance of responsibility.[3] The district court found that Battle qualified

_____

[3] Pursuant to U.S.S.G. § 3E1.1:

(continued...)

-18-

for a two-level reduction, pursuant to U.S.S.G. § 3E1.1(a), because he admitted

robbing the convenience store and shooting Mr. Lee.

The probation officer who prepared the presentence report recommended

against a reduction for acceptance of responsibility. The Government also

opposed any reduction for acceptance of responsibility because Battle did not

provide complete information concerning his involvement in the offense. The

record shows that Battle told the FBI that he shot Mr. Lee in self-defense. Battle

said that Mr. Lee advanced toward him and appeared to be reaching for a weapon.

The Government presented witnesses at the sentencing hearing who testified that

Mr. Lee obeyed Battle's commands and did not advance towards him or make any

threatening gestures. Thus, whether Battle provided complete information to the

Government entitling him to a third-level reduction for acceptance of

---

[3](...continued)

(a)    If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b)    If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1)    timely providing complete information to the government concerning his own involvement in the offense . . .

decrease the offense level by 1 additional level.

U.S.S.G. §3E1.1.

responsibility pursuant to § 3E1.1(b)(1) was a sharply disputed issue of fact at the sentencing hearing. Under the law of this circuit, a factual dispute as to whether a particular guideline applies does not rise to the level of plain error. United States v. Merritt , 1998 WL 3471, at *2 (10th Cir. Jan. 6, 1998) (unpublished); United States v. Jones , 80 F.3d 436, 438 (10th Cir. 1996); United States v. Covarrubias-Garcia , 1994 WL 38647, at *2-3 (10th Cir. Feb. 10, 1994) (unpublished); United States v. Easter , 981 F.2d 1549, 1556 (10th Cir. 1992); see also United States v. Deninno , 29 F.3d 572, 580 (10th Cir. 1994) (noting that failure to object to a presentence report's statement of fact constitutes a waiver of the issue). Therefore, we do not reach Battle's contention that he was entitled to an additional reduction for acceptance of responsibility for providing complete information to the Government.

B.

Battle also contends that the district court plainly erred in calculating his guideline range. His argument appears to be based on the assumption that his sentence is controlled by 18 U.S.C. § 924(c). As such, he argues that his two violations should not have been grouped. He also argues that his Hobbs Act violation should not have been enhanced for weapon use.

We have determined that Battle's sentence for violating § 924(c) is controlled by the penalty provisions set forth in § 924(j) for a violation of

-20-

§ 924(c).  Therefore, Battle's reliance on the     penalty  provisions set forth in § 924(c)(1)(A)(iii) for a violation of § 924(c) is misplaced.

A district court is required to apply § 2A1.1 of the U.S.S.G. if a firearm has been used in a violent crime which causes the death of a person.  Section 2A1.1 specifies that the base offense level is 43.

For a violation of the Hobbs Act, a district court is required to apply § 2B3.1 of the U.S.S.G.  Section 2B3.1 states, "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 . . . apply § 2A1.1 (First Degree Murder)."  U.S.S.G. § 2B3.1(c).  Under § 2A1.1, the base offense level 43 also applies to Battle's Hobbs Act violation.

In general, closely related counts may be "grouped" pursuant to § 3D1.2 of the U.S.S.G.  U.S.S.G. § 3D1.2 (stating that "[a]ll counts involving substantially the same harm shall be grouped together . . .").  Offenses to which § 2A of the U.S.S.G. applies, however, may not be grouped.     Id. (specifically excluding the offenses in § 2A from the operation of § 3D1.2).  Because both of the counts of which Battle was convicted fall under § 2A, the district court erred when it grouped the counts.

Instead of grouping the counts, the district court should have determined Battle's combined offense level pursuant to § 3D1.4.  Section 3D1.4 takes the highest applicable offense level and then increases it based on the additional

crimes that were committed. The penalty provisions for Battle's § 924(c) violation and his Hobbs Act violation each have a base offense level of 43. Pursuant to § 3D1.4, Battle's offense level should have been increased by two levels because the district court was sentencing him for two crimes of an equal offense level. U.S.S.G. § 3D1.4. Battle's combined offense level is therefore 45. Id. When reduced two levels for acceptance of responsibility, the total offense level should have been 43. See U.S.S.G. § 1B1.1 (specifying that an adjustment for acceptance of responsibility may be made after applying the provisions in § 3D). The district court erred when it determined the offense level to be 43 and then reduced it by two points for acceptance of responsibility, yielding a total offense level of 41.

Even though the district court erred in computing Battle's offense level, the error was harmless. Battle was not prejudiced by the district court's application of a lower offense level.

CONCLUSION

The judgment is AFFIRMED.