F I L E D
**United States Court of Appeals
Tenth Circuit**

**AUG 19 2002**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

RANFERI PEREZ-PEREZ,

       Defendant - Appellant.

No. 02-8021
(D.C. No. 01-CR-101-01-B)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Ranferi Perez-Perez was convicted on various drug charges[1] in the federal

district court for the District of Wyoming and sentenced to three concurrent

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Count I of the indictment alleged Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine in violation of 21 U.S. C. § 841(a)(1), (b)(1)(A), and 846. Count II alleged Possession with Intent to Distribute Methamphetamine in violation of § 841(a)(1) and (b)(1)(B). Count II alleged Distribution of Methamphetamine in violation of § 841(a)(1) and (b)(1)(B). Perez-Perez was convicted and sentenced on all three counts.

sentences of 140 months imprisonment and four years supervised release. Before us is Perez-Perez's direct appeal from his conviction. His appeal is limited to a single claim of error: that the district court denied Perez-Perez's due process rights by failing to order that the indictment and the presentence report be translated in written form into Spanish.[2] It is undisputed that Perez-Perez is fluent in Spanish and is unable to understand or communicate in English.

We first must determine our standard of review. Perez-Perez asserts that our review of this issue is de novo. In violation of Tenth Circuit Rule 28.2(C)(2), however, counsel for Perez-Perez has failed to "cite the precise reference in the record where the issue was raised and ruled on."[3] The Government asserts that the present issue never was raised before the district court, an assertion that Perez-Perez has made no attempt to refute. Nor does our review of the record indicate that this issue was raised below. Under such circumstances, we review for plain error only. United States v. Battle, 289 F.3d 661, 669 (10th Cir. 2002). "Under the plain error standard, [Perez-Perez] must show clear or obvious error

---

[2] Perez-Perez appears also to offer a cursory argument that he should have been provided written translations of "documents that are provided through discovery, Plaintiff's and Defendant's jury voir dire and jury instructions, and such other documents that the Defendant might need." We reject this broader argument for the same reasons that we reject the argument regarding the indictment and presentence report.

[3] "For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on." 10th Cir. R. 28.2(C)(2) (emphasis added).

that affected his substantial rights and seriously affected the integrity of the judicial proceedings." Id.[4]

We find no plain error in the district court's failure to order written translations of the indictment and presentence report. Perez-Perez confirmed, in response to the district court's question to him at sentencing, that he had read the presentence report or that it was read to him. (Supp. ROA III at 5.)[5] Moreover, Perez-Perez requested and was provided access to a Spanish interpreter to assist him throughout the proceedings against him.[6] The district court placed no relevant limitations on Perez-Perez's use of this court-appointed interpreter. Perez-Perez makes no assertion that the court-appointed interpreter was unable or unwilling to provide written translations of the indictment and presentence report. At no point during the proceedings, or in his brief on appeal, did Perez-Perez

---

[4] We disapprove of counsel's violation of circuit rules, his apparent failure to acknowledge the procedural posture of his claim, and his apparent misstatement of the appropriate standard of review.

[5] Perez-Perez's brief implies that the indictment also was read to him, in open court through a court-certified interpreter. (Aplt. B. 10 (arguing that "having the charging document read to the accused by the Court through an interpreter" is legally inadequate). A transcript of the proceeding where this reading would have occurred apparently is not contained in the record on appeal.

[6] By written order of October 31, 2001, the district court appointed the individual interpreter requested by Perez-Perez "to act as a Spanish interpreter at Government Expense to assist the Defendant Ranferi Perez-[P]erez in the proceedings in this matter." This court-appointed interpretation assistance was provided in addition to the court translator provided to Perez-Perez during trial.

express dissatisfaction with the performance of his court-appointed interpreter. In short, the district court provided Perez-Perez with precisely the interpretation assistance that he requested, assistance that, had he but asked, apparently could have included provision of the written translations that he now argues he should have been given. Thus, even if this were error – a proposition we do not decide – any such error was not clear or obvious.

Further, Perez-Perez fails to offer even cursory allegations that he suffered any prejudice from the lack of a written translation of these documents or that such lack affected the integrity of the proceedings. As to the indictment, Perez-Perez argues only that "[t]he possibility of misinterpretation or editing by the interpreter creates a risk that the Defendant should not be forced to take." As to the presentence report which he acknowledged was read to him in Spanish, he argues only that "[d]ue to the nature of the contents of a presentence report, and the normal length and complexity of a presentence report, most attorneys, even though experienced in the practice of criminal law in the federal system, find it necessary to spend some time digesting the presentence report by reading it over several times." Plainly, neither of these arguments suffices to establish the requisite prejudice or damage to the integrity of the proceedings.

For the foregoing reasons, the decision below is AFFIRMED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge