**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CAYETANO MORENO-VALLES,

    Defendant-Appellant.

No. 01-4255
(D.C. No. 2:00-CR-455-ST)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

This is a United States Sentencing Guidelines ("U.S.S.G.") case.

On September 27, 2000, Cayetano Moreno-Valles ("Moreno") was charged in the United States District Court for the District of Utah in a one-count indictment with having been arrested and deported from the United States on or about November 8, 1999, by the Central Division of the District of Utah, and thereafter "was present and was found in the United States in the District of Utah, having not obtained the consent of the Attorney

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

General of the United States to reapply for admission into the United States," in violation of 8 U.S.C. § 1326. At the same time, the United States filed a Notice of Sentencing Enhancement advising Moreno that, because he had previously been convicted of four predicate aggravated felony convictions, if he was convicted on the charge that he had violated 8 U.S.C. § 1326, he would be subject to a sentence of imprisonment of not more than 20 years.

After a series of preliminary hearings, the district court allowed Moreno to represent himself at trial, and standby counsel was appointed to assist him at trial.

Moreno indicated to the court that his primary defense at trial would be that he had never been legally deported from the United States. However, prior to trial, the district court ruled that Moreno could not collaterally attack the legality of his prior deportations and ordered that evidence regarding the validity of his several prior deportations would not be admitted at trial. *See* 8 U.S.C. § 1326(d). The ensuing trial resulted in a jury verdict that Moreno was guilty as charged.

The presentence report set Moreno's base offense level at 8 and increased that level by 16 under U.S.S.G. § 2L1.2(b)(1)(a), giving an adjusted offense level of 24. The presentence report reduced Moreno's adjusted offense level by two levels, giving a total offense level of 22, for his acceptance of responsibility under U.S.S.G. §3E1.1(a). That guideline provides as follows:

> §3E1.1 Acceptance of Responsibility
>         (a) If the defendant clearly demonstrates

acceptance of responsibility for his offense, decrease the offense level by 2 levels.

  (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, <u>and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:</u>

    <u>(1) timely providing complete information to the government concerning his own involvement in the offense;</u> or

    (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.
(Emphasis added).

In regard to his "acceptance of responsibility," the pre-sentence report contained the following:

> 10.  Adjustment for Acceptance of Responsibility
> The defendant has accepted full responsibility for his actions in the instant offense by admitting that he is a citizen of Mexico, that he had been previously convicted for a felony, after which he was deported, and that he is presently in the United States illegally. He contests, however, that he has ever been "legally" deported; and it was on this point that he had hoped to win his case before the jury.

The United States filed objections to the presentence report's recommendation that

Moreno be given a two-level reduction of his offense level based on acceptance of

responsibility. Moreno, through his standby counsel, stated that he had no objection to the presentence report. In response to the United States' objections to the presentence report, standby counsel for Moreno filed a memorandum wherein he stated, in part, that "[c]ontrary to the position of the government, Mr. Moreno-Valles concurs in the statement of the writer of the Report that he accepted responsibility with respect to the elements of the offense in this action."

At sentencing, the district court overruled the United States' objection to the two-level reduction of Moreno's offense level for his acceptance of responsibility with the following comment:

> [U]nder the very unique circumstances in this case, the Court believes that the application of the two-level reduction would be appropriate, because, again, I don't believe [Moreno] made any effort to assert that the elements of the case were not true, but relied over and over again on his claims that it was the prior deportations that were illegal and I think that is unique enough that the application of the two-level reduction is appropriate.

With the two-level reduction of Moreno's offense level under U.S.S.G. § 3E1.1(a), Moreno had an adjusted offense level of 22, and that level coupled with his criminal history category of V, set his guideline range at 77 to 96 months imprisonment. The district court then sentenced Moreno to 77 months imprisonment.

## I.

Counsel asserts that in sentencing Moreno, the district court committed plain error under Fed. R. Crim. P. 52(b) when it failed to give Moreno an additional one-level

reduction of his base offense level, under U.S.S.G. §3E1.1(b)(1). If Moreno's adjusted base offense level had been reduced from 22 to 21, the latter, coupled with a criminal history category of V, would have resulted in a guideline range of 70 to 87 months imprisonment. Counsel's argument is that by virtue of the presentence report, as well as through knowledge otherwise acquired by the district court at trial and in preliminary hearings prior to trial, the district court, after granting Moreno a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), committed plain error when thereafter, it failed to, *sua sponte,* grant Moreno an additional one-level reduction under U.S.S.G. §3E1.1(b)(1).

Under U.S.S.G. §3E1.1(b), a defendant who has received a two-level reduction to his offense level for "acceptance of responsibility" under § 3E1.1(a), is, if his offense level before the two-level reduction is greater than 16 levels, not automatically entitled to an additional one-level reduction under §3E1.1(b)(1). Rather, under § 3E1.1(b)(1) a defendant, in order to get an additional one-level reduction, must have "assisted authorities in the investigation or prosecution of his own misconduct by . . . . (1) timely providing complete information to the government concerning his own involvement in the offense." We are not persuaded by any suggestion that, at the time of sentencing, the district court "knew" of all the facts that would compel it to make, *sua sponte,* an additional one-level reduction in defendant's offense level under U.S.S.G. § 3E1.1(b)(1). *See United States v. Battle,* 289 F.3d 661 (10th Cir. 2002); *United States v. Jones,* 80 F.3d

436 (10th Cir. 1996). (In each of those cases, the defendant did not, in fact, ask for a deduction under § 3E1.1(b)(1) and in each case this Court held that the failure of the trial court to, *sua sponte,* grant an additional one level reduction under that guideline involves a "factual issue" and is reviewed by us for "plain error.")

As indicated, at sentencing neither the defendant, representing himself, nor his standby counsel, who does not represent Moreno on appeal, asked the district court to reduce Moreno's offense level by an additional level under U.S.S.G. § 3E1.1(b). In fact, no objection to the presentence report, which only recommended a two-level reduction of Moreno's offense level under U.S.S.G. § 3E1.1(a), was filed by defendant or his standby counsel. However, in response to the government's objections to any reduction in Moreno's offense level under U.S.S.G. §3E1.1, standby counsel "concurred" in writing to the presentence report's comment that Moreno "accepted responsibility with respect to the elements of the offense in this action." No claim was ever made in the district court that Moreno was entitled to an additional one-level reduction under 3E1.1(b) because he had "assisted authorities in the investigation or prosecution of his own misconduct." Under such circumstances, we are not inclined to hold that the district court committed "error" and affected "substantial rights," in which event, if we so found, we could, in the exercise of our discretion, correct the "forfeited error" if the "error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732 (1993). That is not our case.

II

Counsel also argues for "purposes of [possible] further review," that the indictment and instructions in this case violate *Apprendi v. New Jersey,* 530 U.S. 466 (2000) "in failing to plead the prior aggravated felony conviction as an element of the crime [charged in the indictment], and to instruct the jury that it had to find that prior conviction beyond a reasonable doubt, for purposes of increasing the applicable statutory maximum penalty from two years to twenty years."

In thus arguing, counsel recognizes that in *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Counsel also acknowledges that we have explicitly held that failure of an indictment to charge the defendant separately with a prior aggravated felony conviction does not violate *Apprendi.  United States v. Martinez-Villalva,* 232 F.3d 1329, 1332 (10th Cir. 2000).  We see no *Apprendi* violation in the instant case.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge