**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY JERMAIN BATTLE, JR.,

Defendant - Appellant.

Nos. 04-3137 & 04-3215
(D. Kansas)
(D.Ct. Nos. 03-CV-3379-JTM &
00-CR-10059-JTM)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Larry Jermaine Battle, Jr. was convicted on May 9, 2001, for interfering

with or obstructing interstate commerce by committing a robbery in violation of

the Hobbs Act and causing the death of Edward S. Lee with a firearm during the

commission of the robbery. Battle appealed his conviction to this Court,

challenging, *inter alia*, the district court's jurisdiction. This Court affirmed the

conviction. *United States v. Battle*, 289 F.3d 661, 671 (10th Cir. 2002) (*Battle I*).

After losing on appeal, Battle filed a *pro se*[1] 28 U.S.C. § 2255 motion with the district court. In his § 2255 motion, Battle alleged: 1) lack of jurisdiction in the district court; 2) ineffective assistance of trial counsel; and 3) ineffective assistance of appellate counsel. Based in part on this Court's previous ruling in *Battle I*, 289 F.3d 661, the district court denied Battle's § 2255 motion. Battle then moved for a certificate of appealability (COA), which the district court denied. Battle separately appealed the denial of his § 2255 motion (04-3137) and the denial of a COA (04-3215).[2]

Battle reasserts the same three claims he raised in the district court. Unless we issue a COA, we lack jurisdiction to review the merits of a claim. 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El,*

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] We treat his appeals as a combined application to this Court for a COA. *United States v. Gordon*, 172 F.3d 753, 753-54 (10th Cir. 1999).

537 U.S. at 327 (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

As noted by the district court, Battle has raised no new arguments that call into question this Court's jurisdictional holding in *Battle I.* Consequently, his jurisdictional claim remains without merit.

Battle also raises claims of ineffective assistance of counsel at both the trial and appellate levels. He contends his trial counsel failed to adequately investigate the PSIR criminal history calculation prior to sentencing. As a result, he argues his sentence was inappropriately based on a criminal history category of II rather than I. He also alleges his appellate counsel was ineffective for failing to bring this issue to the attention of the appellate court, as well as failing to challenge the district court's discretion in imposing a consecutive rather than a concurrent sentence.

To prevail on an ineffective assistance claim, Battle must establish that his counsel's deficient performance prejudiced his defense. *Romano v. Gibson*, 239 F.3d 1156, 1180 (10th Cir. 2001). To do this, he must demonstrate that but for his counsel's objectively deficient performance, there is a reasonable probability the result would have been different. *Id*.; *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998). We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Moreover, "strategic choices made after

thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690. "When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue." *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999). Appellate counsel is not required to appeal every nonfrivolous issue, *Jackson v. Shanks*, 143 F.3d 1313, 1321 (10th Cir. 1998); *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995), let alone issues which appear to be without merit. *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

Although Battle protests the inaccuracy of the presentence investigation report, there is no evidence in the record regarding the nature of the inaccuracy effective counsel allegedly would challenge. Without more, it is impossible to assess the merits of Battle's claim of inaccuracy; whether his trial counsel's conduct fell below an objective standard of reasonableness in failing to object to the issue at trial; or whether any such mistake actually prejudiced Battle. *See Neill v. Gibson*, 278 F.3d 1044, 1055 (10th Cir. 2001) (noting the impossibility of establishing whether trial counsel's conduct was reasonable strategy based on an insufficient record). In light of the presumptive competency of counsel, conclusory allegations are not enough. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994) ("The convicted defendant making [an ineffective assistance] claim must identify the acts or omissions alleged not to

have been the result of reasonable professional judgment.") We therefore find no showing of the denial of a constitutional right at either the trial or appellate level based on the use of a level II criminal history category.

Battle also claims he was prejudiced by his appellate counsel's failure to challenge the absence of the district court's reasons for imposing consecutive sentences under § 3584, as required by *United States v. Rose*, 185 F.3d 1108 (10th Cir. 1999).[3] We held in *Rose* that if a district court exercises its discretion under § 3584 to impose consecutive sentences it must state its reasons for doing so. *Id*. at 1112-13. Here, the district court did not state its reasons for imposing Battle's consecutive sentences. *Battle I*, 289 F.3d at 665. "This omission would, in certain cases, compel us to vacate the sentences and remand the case." *Id*.

However, Battle pointedly ignores that we addressed this issue in *Battle 1*. There, we stated, "[w]e are not . . . compelled to vacate the district court's sentencing decision if it was mandated by §§ 924(c)(1) and (j)(1) to impose consecutive sentences." *Id*. We then expressly held

> § 924(c) unambiguously mandates the imposition of a consecutive sentence "in addition to" the punishment ordered for the use of a firearm during the commission of a crime of violence where the evidence demonstrates the existence of the aggravating sentencing factors set forth in § 924(j).

---

[3] This Court noted in *Battle I* that Battle "failed to discuss the discretionary authority of a court to impose consecutive sentences pursuant to § 3584 and the requirement under *Rose* that the court state its reasons for doing so." 289 F.3d at 665.

*Id.* at 669.  Consequently, we affirmed the consecutive sentences.

Thus, even if Battle's appellate counsel had raised *Rose*, consecutive sentences would still have been mandated by § 924(c) and (j).  As such, any error on the part of Battle's appellate counsel was not prejudicial.

Based on the above, we **DENY** Battle's request for a COA on the § 2255 issue and **DISMISS** the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge