**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

LARRY JERMAINE BATTLE, JR.,

　　Defendant - Appellant.

No. 21-3128
(D.C. No. 6:00-CR-10059-EFM-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **KELLY**, and **MURPHY**, Circuit Judges.

---

Defendant Larry Battle, Jr., appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Because Battle challenges only one of the two grounds for the district court's ruling, we **affirm**.

In 2000, a jury convicted Battle of Hobbs Act robbery and of using a firearm during the robbery to commit murder. *See* 18 U.S.C. §§ 1951(a), 924(c), and 924(j). The district court imposed consecutive sentences of 240 months for the Hobbs Act violation and life imprisonment for Battle's murderous firearm use. We affirmed the district court's judgment on direct appeal. *United States v. Battle*, 289 F.3d 661, 663

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2002), *overruled in part by United States v. Melgar-Cabrera*, 892 F.3d 1053, 1057–60 (10th Cir. 2018).[1]

In 2021, Battle filed a motion to reduce his sentence pursuant to § 3582(c)(1)(A)(i), arguing he was entitled to a shortened sentence based on (1) the COVID-19 pandemic; (2) his rehabilitative efforts; and (3) his "extremely long sentence and unjust disparity in punishment." The district court denied Battle's motion, and Battle appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's ruling.

A defendant cannot receive a sentence reduction under § 3582(c)(1)(A)(i) unless three prerequisites are satisfied: (1) there are "extraordinary and compelling reasons" for a reduction; (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) based on its discretionary consideration of the § 3553(a) factors, the district court concludes that "the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quotation omitted). The court does not need to address these three prerequisites in any particular order, and it must deny a sentence reduction if any of the three prerequisites is lacking. *See id.* at 942–43.

---

[1] Following his conviction, Battle unsuccessfully sought habeas relief under 28 U.S.C. § 2255. *See United States v. Battle*, 133 F. App'x 546 (10th Cir. 2005). In October 2019, we denied Battle's request for authorization to file a second or successive § 2255 petition based on our recent decision in *Melgar-Cabrera*, holding that Battle was not entitled to such authorization under § 2255(h).

Here, the district court concluded that Battle had not satisfied either the first or third prerequisite for relief. The district court first concluded that the pandemic, Battle's rehabilitative efforts, and his life sentence did not constitute "extraordinary and compelling reasons" justifying a sentence reduction. The court then held that "[e]ven if [Battle] could establish an extraordinary and compelling reason, the § 3553(a) factors would not support a reduction in sentence" due to the seriousness of his offense. In explaining this holding, the court recounted the details of Battle's offense and described why the § 3553 factors would still warrant a sentence of life imprisonment even if the court reweighed these factors anew.

On appeal, Battle argues that the district court erred in concluding he had not established "extraordinary and compelling reasons" for a sentence reduction. He does not, however, challenge the district court's conclusion that he would not be entitled to a sentence reduction under § 3553(a) even if he could make this showing. Battle simply ignores this alternative holding altogether.

"When a district court dismisses a claim on two or more independent grounds, the appellant must challenge each of those grounds." *Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016). Because Battle does not challenge the district court's holding that his motion fails to satisfy the third prerequisite for a sentence reduction, he has "given us no basis to disturb the district court's ruling" on that issue. *Id.* Thus, even if we were to agree that he satisfied the first prerequisite, "the district court's order would still stand on the alternative ground that [he] fails to adequately challenge in his opening brief." *Eaton v.*

3

*Pacheco*, 931 F.3d 1009, 1030 n.18 (10th Cir. 2019) (quotation omitted). "In these circumstances, we must affirm." *Lebahn*, 828 F.3d at 1188.

We therefore **affirm** the district court's denial of Battle's motion for a sentence reduction.

Entered for the Court

Michael R. Murphy
Circuit Judge